532 A.2d 533

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* Augusto Gonzalez, Appellee.

Submitted on briefs May 21, 1987, to Judges DOYLE and PALLADINO, and Senior Judge BLATT, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Henry G. Barr,* General Counsel, for appellant.

*David S. Shrager,* for appellee.

OPINION BY JUDGE BLATT, October 22, 1987:

The Department of Transportation (DOT) appeals an order of the Court of Common Pleas of Allegheny

County (trial court) which sustained the demurrer of Augusto Gonzalez (appellee) to DOT's evidence. The trial court concluded that DOT had offered no proof that the appellee was operating a vehicle so as to enable DOT to suspend his license, pursuant to Section 1547(b) of the Vehicle Code, 75 Pa. C. S. §1547(b) (refusal to submit to a blood test).

On May 21, 1985, O'Hara Township Police Department Officers Hughes and Bronowicz received a radio call indicating that there was property damage at a local gas station. The officers were given the description of a BMW automobile, allegedly responsible for the damage, as well as its color and license plate number. Based on this information, the officers were led to an address where they found the appellee. Although the appellee was not in the car, and the car was parked, he admitted to the police officers that he was the *operator* of the vehicle for which they were looking. The officers testified that the appellee smelled strongly of alcohol and was not able to stand without support. Accordingly, they requested his operator's license, and he had to be assisted in finding his wallet. He thereafter failed a field sobriety test and was requested to submit to a blood test, which he refused.

DOT notified the appellee that his operating privileges were being suspended for a period of one year, pursuant to a May 22, 1985 conviction under Section 1547 of the Vehicle Code, and the appellee appealed. After DOT presented its evidence to the trial court, the appellee moved for a demurrer on the basis that DOT had failed to produce evidence sufficient to prove that the appellee was, in fact, the driver of the vehicle. The trial court sustained the demurrer, and DOT appealed here.

Our scope of review in appeals from license suspensions, of course, is limited to determining whether or

not the trial court abused its discretion or committed an error of law. *Appeal of Finkelstein,* 73 Pa. Commonwealth Ct. 417, 458 A.2d 326 (1983).

DOT contends that the trial court erred in concluding that there was insufficient evidence to support a finding that the appellee had operated a vehicle under the influence of alcohol. The appellee, however, argues that DOT failed to produce *any witnesses* who actually saw him driving and so failed to meet its burden of proof.[1]

Preliminarily, we note that the test for determining whether or not an officer has "reasonable grounds" to believe an individual has operated a vehicle under the influence of alcohol is not very demanding, and the officer need not be correct in his belief. *Department of Transportation, Bureau of Traffic Safety v. Dreisbach,* 26 Pa. Commonwealth Ct. 201, 363 A.2d 870 (1976). Moreover, in determining whether or not "reasonable grounds" existed, the only valid inquiry at the *de novo* hearing before the trial court, viewing the facts and circumstances as they appeared at the time, is whether or not "a reasonable person in the position of the police officer could have concluded that the motorist was operating the vehicle and under the influence of intoxicating liquor." *Id.* at 205, 363 A.2d at 872. Moreover, it is *not* necessary for a witness to actually see an individual operating the vehicle in order for "reasonable grounds" to

---

[1] The appellee also contends that Section 1547 of the Vehicle Code, on its face and as applied, violates his constitutional rights to due process, equal protection, and to be secure from unreasonable searches and seizures because under the Statute, DOT suspended his license without *proving* that he had exercised control over the vehicle. Section 1547, however, has been held to withstand these constitutional challenges. *Commonwealth v. Funk,* 254 Pa. Superior Ct. 233, 385 A.2d 995 (1978); *Sheakley v. Department of Transportation,* 99 Pa. Commonwealth Ct. 328, 513 A.2d 551 (1986).

exist. *Haklits v. Commonwealth,* 44 Pa. Commonwealth Ct. 198, 418 A.2d 772 (1979).

In the case *sub judice,* the officers received a damage report and were given a description, including the model, color, and license plate number of the vehicle which allegedly caused the damage. They subsequently located the car and found the appellee nearby. The appellee smelled of alcohol and could not stand without assistance. Moreover, although there is disagreement between the parties as to whether or not the appellee stated that he was the owner rather than the operator of the vehicle, our review of the record indicates that he admitted to the officers that he was, in fact, the *operator* of the vehicle.[2] We believe, therefore, that, as a matter of law, the officers here could reasonably have concluded (rightly or wrongly) that the appellee had operated the vehicle while under the influence of alcohol.

---

[2] The trial court found that there was insufficient evidence to support a finding that the appellee was the *operator* of the vehicle based on the following dialogue:

MR. CABLE: Officer Hughes testified that he was told by Mr. Gonzalez that he was the operator of the vehicle.

THE COURT: That is not what I heard.

MR. CABLE: That is my recollection.

THE COURT: My bench notes do not indicate that.

Our review of the record, however, indicates that Officer Hughes pertinently testified:

Q. What happened when you came in contact with [the appellee]?

A. We observed Mr. Gonzalez being supported by a gentleman that lived at this particular address. We went over to Mr. Gonzalez. We asked him if he was the *operator* of the BMW that was parked on the street in front of the residence. He said that he was. (Emphasis added.)

Accordingly, the trial court committed an error of law in reversing DOT's suspension of appellee's license.[3]

We will, therefore, reverse the order of the trial court.

### ORDER

AND NOW, this 22nd day of October, 1987, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is reversed.

---

[3] Due to our disposition of this matter, we need not address the issue of whether or not the trial court erred in sustaining the appellee's demurrer to DOT's evidence.