578 A.2d 1345

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,**

**v.**

**James F. BIRD, Appellee.**

Commonwealth Court of Pennsylvania.

Argued June 13, 1990.

Decided July 30, 1990.

Harold H. Cramer, Asst. Chief Counsel, with him, David R. White and William A. Kuhar, Jr., Asst. Counsels, Timothy P. Wile, Asst. Counsel in Charge, and John L. Heaton, Chief Counsel, for appellant.

James G. Dunn, Wymard, Dunn, Gordon & Fall, Pittsburgh, for appellee.

Before CRAIG, President Judge, and DOYLE, COLINS, PALLADINO, MCGINLEY, SMITH and PELLEGRINI, JJ.

PALLADINO, Judge.

The Department of Transportation, Bureau of Driver Licensing (DOT), appeals from an order of the Court of Common Pleas of Allegheny County (trial court) which sustained the appeal of James F. Bird (Bird) from a one-year license suspension under Section 1547(b) of the Vehicle Code, 75 Pa. C.S. § 1547(b) (refusal to submit to chemical testing). We reverse.

On May 8, 1989, Officer Kathleen Murphy (Murphy), of the Pittsburgh Police Department, responded to a call reporting that a man was slumped over the steering wheel, racing his engine and possibly attempting suicide. Murphy testified that upon arriving at the scene she was met by Phillip Eswein (Eswein), the individual who had placed the

call to the police, who informed Murphy that he had seen Bird in the vehicle slumped over the wheel. N.T. at 3–4. Murphy approached the vehicle and found Bird sitting in the driver's side of the vehicle. Bird exited the vehicle and walked to the front of the car. Murphy testified that Bird was staggering, his eyes were glassy, and he had a very strong odor of alcohol on his breath. N.T. at 4. Murphy testified further that Eswein informed her that Bird had been in the vehicle when its motor was running. N.T. at 4. She then placed Bird under arrest for driving under the influence. Murphy testified that the vehicle was located in the common area of the parking lot where everyone must drive to reach the marked parking spaces. N.T. at 6.

Eswein testified that on the night in question he heard a car revving up its engine, as if to get it started in cold weather. After about 10 minutes of this loud noise, Eswein went outside to investigate and found the vehicle in the middle of the driveway in a pool of oil, with the headlights on and the engine revving at full speed. N.T. at 8. All the windows were closed and Bird did not respond when Eswein knocked on the window. Eswein opened the door, and then went to call the police and paramedics. At some point in time Eswein turned the motor off and removed the keys. N.T. at 12. Eswein testified that the car was located on that portion of the parking lot designated for ingress and egress. N.T. at 11.

Officer Donald D. Jones testified that on the evening of May 8, 1989, he was called to Mercy Hospital for the purpose of administering a breathalyzer test to Bird. N.T. at 14. Jones informed Bird of the implied consent law and that he could not consult with an attorney prior to the procedure. Jones then requested Bird to submit to a blood test, which Bird refused.

By official notice dated and mailed June 8, 1989, DOT notified Bird that his operating privileges were being suspended for one year for refusing to submit to chemical alcohol testing. Bird appealed to the trial court which sustained the appeal. DOT appealed to this court.

On appeal to this court DOT raises three issues: (1) whether the implied consent law and Section 3101(b) of the Vehicle Code, 75 Pa.C.S. § 3101(b) (serious traffic offenses must occur upon highways and trafficways) must be read together so as to require a police officer to have reasonable grounds to believe a motorist was operating a motor vehicle on a trafficway before a request for chemical testing can be made; (2) whether the driveway portion of an apartment complex is a trafficway for purposes of the vehicle code; and (3) whether the police officer had reasonable grounds to believe that Bird had been operating a motor vehicle on a trafficway.

■ Our scope of review in a motor vehicle license suspension case is limited to determining whether the findings of fact are supported by substantial evidence, whether errors of law have been committed and whether the trial court's decision demonstrates a manifest abuse of discretion. *Hewitt v. Commonwealth of Pennsylvania*, 116 Pa. Commonwealth Ct. 413, 541 A.2d 1183 (1988).

■ We have addressed the first issue on two prior occasions with conflicting results. In *Lewis v. Commonwealth of Pennsylvania*, 114 Pa. Commonwealth Ct. 326, 330, 538 A.2d 655, 657–658 (1988) we held that section 1547(a)(1), 75 Pa.C.S. § 1547(a)(1):

*[O]nly* requires that the officer have reasonable grounds to believe the motorist was driving, operating or in actual physical control of a vehicle while under the influence of alcohol. It does *not* require the officer to have reasonable grounds to believe the motorist was driving, operating or in actual physical control of a vehicle *on a highway or trafficway* while under the influence of alcohol. If the legislature had intended for police officers to make such a determination, it would have specifically provided for this in the statute. (Emphasis in original.)

A year after the *Lewis* decision, a separate panel of this court held in *Department of Transportation, Bureau of Driver Licensing v. McLaughlin*, 124 Pa. Commonwealth

Ct. 496, 556 A.2d 533 (1989) that *Lewis* did not entirely dismiss the language of section 3101(b) which requires serious traffic offenses to occur on highways and trafficways. The court in *McLaughlin* held that an individual found in a parking lot of a condominium complex could not be required to submit to chemical testing because there were no reasonable grounds to believe that the individual had been driving while intoxicated on either a trafficway or highway.

The issue before us turns on the wording of the statutes in question. Section 1547 reads in relevant part:

(a) **General rule.**—Any person who drives, operates or is in actual physical control of the movement of a motor vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath, blood or urine for the purpose of determining the alcoholic content of blood or the presence of a controlled substance if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a motor vehicle:

(1) while under the influence of alcohol or a controlled substance or both....

The other relevant section is section 3101(b) which states in relevant part:

(b) **Serious traffic offenses.**—The provisions of Subchapter B of Chapter 37 (relating to serious traffic offenses) [sections 3731 to 3735] shall apply upon highways and trafficways throughout this Commonwealth.

Bird argues that section 3101(b) must be read to limit the applicability of section 1547(a) to those instances when the police officer has reasonable grounds to believe that the person had been driving, operating, or in actual physical control of the vehicle on a highway or trafficway. We disagree.

Under the Statutory Construction Act of 1972 (Act), 1 Pa.C.S. §§ 1501–1991, the words contained in a statute are

construed according to their common usage. 1 Pa.C.S. § 1903. Furthermore, all provisions of a statute must be given effect if possible, 1 Pa.C.S. § 1921(a), and the letter of the law controls, rather than the intent, if the words of the statute are clear and free from ambiguity. 1 Pa.C.S. § 1921(b).

Section 3101(b) is not ambiguous. It clearly states that its limitation applies only to five sections of the vehicle code, those being the criminal definitions of driving under the influence, 75 Pa.C.S. § 3731, homicide by vehicle, 75 Pa.C.S. § 3732, fleeing or attempting to elude a police officer, 75 Pa.C.S. § 3733, driving without lights to avoid identification or arrest, 75 Pa.C.S. § 3734, and homicide by vehicle while driving under influence, 75 Pa.C.S. § 3735.

The implied consent law is not a criminal statute, but a condition precedent to obtaining driving privileges in this commonwealth. It is a method by which the police can obtain evidence which may indicate that a crime has occurred. It is not designed to establish that all the elements of the offense are present, only that one element is either present or absent.

Furthermore, section 1547 does not contain any limitation on where the driving or control over the vehicle must occur. As we noted in *Lewis* if the legislature had intended for police officers to determine whether a given location was a trafficway or highway, it could have easily inserted such a requirement in the statute. It did not, and we shall not. Accordingly, we must overrule *McLaughlin*, and conclude that section 3101 places no limitations on a police officer's request for chemical testing under section 1547. A request under section 1547 is valid as long as the officer had reasonable grounds to believe that the person was driving, operating or had actual physical control of the movement of the vehicle while under the influence.[1]

1. Our resolution of this issue makes the status of the location of the vehicle irrelevant. Accordingly, we need not address the second issue raised by DOT.

The final issue we must address is whether the police officer had reasonable grounds to believe that Bird had been operating the vehicle while under the influence. The test for determining whether reasonable grounds exists is not very demanding, nor does it require the officer to be correct in his belief. *Department of Transportation, Bureau of Driver Licensing v. Gonzalez,* 110 Pa. Commonwealth Ct. 379, 532 A.2d 533 (1987).

> [T]he only valid inquiry on this issue at the *de novo* hearing before the trial court, viewing the facts and circumstances as they appeared at the time, is whether or not 'a reasonable person in the position of the police officer could have concluded that the motorist was operating the vehicle and under the influence of intoxicating liquor.'

*Id.* at 382, 532 A.2d at 534–535 (citation omitted). It is not necessary for the arresting officer to actually observe the arrestee operating the motor vehicle, nor does the existence of reasonable alternative conclusions preclude the arresting officer's actual belief from being reasonable. *Keane v. Department of Transportation,* 127 Pa. Commonwealth Ct. 220, 561 A.2d 359 (1989).

The facts before Murphy prior to the arrest and request for chemical testing were as follows: a report of a man slumped over a steering wheel racing the vehicle's engine; a vehicle located in the driveway portion of a parking lot; Bird was actually observed in the driver's seat of the vehicle; Bird was observed staggering upon exiting the vehicle, with glassy eyes, and a strong odor of alcohol on his breath; a pool of fresh oil under the vehicle; and a denial from Bird's wife that Bird was driving. Under these facts, it was reasonable for Murphy to conclude that Bird had been driving the vehicle. While there was a denial that Bird was driving, the other circumstances suggested that he was, and given two reasonable conclusions, we cannot fault the officer for her conclusion.

Accordingly, the order of the trial court is reversed, and DOT's suspension is reinstated.

## ORDER

AND NOW, July 30, 1990, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is reversed, and the suspension of the license of James F. Bird is reinstated.

COLINS and PELLEGRINI, JJ., concur in the result only.

McGINLEY, Judge, dissenting.

I respectfully dissent. In *Department of Transportation v. McLaughlin*, 124 Pa. Commonwealth Ct. 496, 556 A.2d 533 (1989), this Court held that the police officer, who observed a licensee passed out in the drivers' seat with the motor running, lacked reasonable grounds to believe that the licensee was driving under the influence on a highway or trafficway. *McLaughlin* distinguished *Lewis v. Commonwealth*, 114 Pa. Commonwealth Ct. 326, 538 A.2d 655 (1988), on the basis that, because Lewis was found in a private yard not his own, the officer could have assumed that he got there by leaving the highway or trafficway and hitting a tree on adjacent property. McLaughlin, on the other hand, was discovered in his own parking lot and there was no evidence that he had been anywhere else.

Unlike the majority, I would hold that the definitions of "highway" and "trafficway" contained in the Vehicle Code, 75 Pa.C.S. § 102, refer to a roadway which is open to the public. Like McLaughlin, Bird was discovered on a private residential parking lot. The Vehicle Code, 75 Pa.C.S. § 3101(b), states that serious traffic offenses must occur upon highways and trafficways. There is nothing in this record to establish that the officer had reasonable grounds to believe that Bird was operating a vehicle on a roadway open to the public.

Accordingly, I would affirm the order of the trial court.