628 A.2d 917

# COMMONWEALTH Of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING

v.

## Garry E. PAIGE, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 2, 1993.

Decided July 6, 1993.

Robert L. Buzzendore, for appellant.

Timothy P. Wile, Asst. Counsel In–Charge of Appellate Section, for appellee.

Before CRAIG, President Judge, and PALLADINO, J., and KELTON, Senior Judge.

PALLADINO, Judge.

Petitioner, Garry Paige (Paige), appeals an order of the Court of Common Pleas of Dauphin County (trial court) which dismissed his statutory appeal and sustained the one-year suspension of his operating privilege imposed by the Department of Transportation, Bureau of Driver Licensing (DOT) for his failure to submit to chemical testing pursuant to Section 1547(b) of the Vehicle Code (Code), 75 Pa.C.S. § 1547(b). We affirm.

. On June 20, 1992 at approximately 1:20 a.m., police officer Kelly Wetzel noticed a vehicle parked on a Harrisburg city street with its parking lights on. As the officer approached the vehicle, he observed Paige sleeping in the left front seat, slumped over the wheel. Paige's key was in the ignition at the time. After several attempts, Officer Wetzel successfully wakened Paige. Officer Wetzel noticed a strong smell of alcohol on Paige's breath. Paige became argumentative, admitted he had been drinking, refused field sobriety tests, and declined an offer for a taxi ride home. Paige was then taken into custody and transported to a hospital for chemical testing. Officer Wetzel requested that Paige submit to a breathalyzer test and warned him that a refusal to take the test would result in a one-year suspension of his driving privileges. Paige refused to submit to the test.

On July 20, 1992, Paige received a notice from DOT indicating that his license had been suspended for refusing to submit to chemical testing pursuant to the Implied Consent Law.[1]

1. Section 1547 of the Code provides in relevant part:

(a) Any person who drives, operates or is in actual physical control of the movement of a motor vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath, blood or urine for the purpose of determining the alcoholic content of the blood or the presence of a controlled substance if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a motor vehicle. . . .

Paige appealed the suspension to the trial court which held a *de novo* hearing. The only witness who testified at the hearing was Officer Wetzel. Following the hearing, the trial court concluded that Officer Wetzel had reasonable grounds to believe that Paige had been in actual physical control of his vehicle while under the influence of alcohol. Accordingly, the trial court dismissed Paige's statutory appeal and directed that DOT's operating privilege suspension be reinstated. Paige appealed to this court.

■  The sole issue presented on appeal is whether the trial court erred in concluding that Officer Wetzel had reasonable grounds to believe that Paige was in actual physical control of the movement of a motor vehicle while under the influence of alcohol.[2]

■  In order to meet its initial burden of proof in a license suspension case, DOT must establish that: (1) the motorist was arrested for DUI; (2) by a police officer who had reasonable grounds to believe that the motorist was operating or in actual physical control of the movement of a motor vehicle while under the influence of alcohol or a controlled substance; (3) the motorist was requested by the police officer to submit to a chemical test; and (4) the motorist refused to do so. *Department of Transportation, Bureau of Driver's Licensing v. Garlan*, 121 Pa.Commonwealth Ct. 400, 550 A.2d 873 (1988), *petition for allowance of appeal denied*, 522 Pa. 614, 563 A.2d 499 (1989).

> (b)(1) If any person placed under arrest for a violation of section 3731 (relating to driving under the influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months.

2. Our scope of review where the trial court heard the matter *de novo* is limited to a determination of whether the trial court based its findings of fact upon substantial competent evidence or committed an error of law. *Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing v. McGlynn*, 147 Pa.Commonwealth Ct. 454, 611 A.2d 770 (1992).

Paige contends that DOT failed to present sufficient evidence to establish that the officer had reasonable grounds to conclude that Paige was in actual physical control of his vehicle while under the influence of alcohol. We disagree.

"The test for determining whether reasonable grounds exist is not very demanding, nor does it require the officer to be correct in his belief." *Department of Transportation, Bureau of Driver Licensing v. Bird*, 134 Pa.Commonwealth Ct. 305, 312, 578 A.2d 1345, 1348 (1990), *petition for allowance of appeal granted*, 527 Pa. 612, 590 A.2d 298 (1991). Specifically, we must determine whether a reasonable person in the position of the officer, viewing the facts and circumstances as they appeared at the trial, could have concluded that the motorist was in actual physical control of the movement of the vehicle while under the influence of alcohol. *Department of Transportation, Bureau of Driver Licensing v. Terreri*, 114 Pa.Commonwealth Ct. 208, 538 A.2d 639 (1988).

We do not require the arresting officer to actually observe the arrestee operating the motor vehicle. *Bird*. For example, in *Polinsky v. Department of Transportation, Bureau of Driver Licensing*, 131 Pa.Commonwealth Ct. 83, 569 A.2d 425 (1990), a police officer found the driver of a vehicle asleep in the driver's seat of her vehicle which was parked next to the pick-up window of a restaurant with the vehicle's lights and ignition on. The engine of the vehicle was not running. We concluded that, based upon the facts as found by the trial court, it was reasonable for the officer to conclude that the driver had been operating her vehicle under the influence of alcohol. Furthermore, we concluded that the driver's appeal from the order of the trial court upholding the suspension of her license was frivolous and awarded attorney fees.

Similarly, in the present action, the police officer was confronted with a driver who was slumped over the steering wheel of his vehicle with the key in the ignition and the parking lights on. Officer Wetzel knocked on the window numerous times before he was able to wake Paige. Paige,

who admitted he had been drinking and emitted a strong odor of alcohol, became argumentative, refused field sobriety tests and even refused a taxi ride home.

Paige argues that these facts do not establish that he had been in actual physical control of a motor vehicle while under the influence of alcohol. Further, Paige argues that he told the police officer that he remained in his vehicle due to his concern for driving under the influence. However, the existence of a reasonable alternative explanation of the situation does not preclude the arresting officer's actual belief from being reasonable. *Bird.*

Therefore, based upon the facts of this case as found by the trial court, we conclude that the trial court did not err in determining that Officer Wetzel could have reasonably concluded that Paige had been in control of the movement of a motor vehicle while under the influence of alcohol.

Accordingly, the order of the trial court is affirmed.

## ORDER

AND NOW, July 6, 1993, the order of the Court of Common Pleas of Dauphin County in the above-captioned matter is affirmed.