## PennDOT v. Bennett

*Lee C. Silverman, office of chief counsel,* for PennDOT.

*Marc I. Rickles,* for defendant.

McANDREWS, *J.,* July 5, 1994—This matter is before the court upon petitioner's appeal from the Department of Transportation's official notice, dated June 18, 1993, suspending her driving privilege for one year in accordance with section 1547(b)(1) of the Vehicle Code, 75 Pa.C.S. §1547(b)(1). A hearing was held before this court on June 2, 1994.

Petitioner was arrested for driving under the influence of alcohol and was taken to the Upper Makefield police station to obtain a breath test. Petitioner blew into the breathalyzer machine and the machine registered "mouth alcohol." Petitioner was asked to provide several more breaths. Each breath registered "mouth alcohol" on the machine. The police officer determined that petitioner's failure to produce a sufficient response on the machine was a refusal to submit to the breath test.

Petitioner's license was suspended pursuant to section 1547(b)(1) of the Vehicle Code, which states:

"(b) Suspension for Refusal.—(1) if any person placed under arrest for a violation of section 3731 (relating to driving under influence of alcohol or controlled sub-

stance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months." 75 Pa.C.S. §1547(b)(1).

In order to satisfy its initial burden of proof in license suspension cases under this section, the Department of Transportation must establish that: "(1) the motorist was arrested for DUI; (2) by a police officer who had reasonable grounds to believe that the motorist was operating or in actual physical control of the movement of a motor vehicle while under the influence of alcohol or a controlled substance; (3) the motorist was requested by the police officer to submit to a chemical test; and (4) the motorist refused to do so." *PennDOT v. Paige,* 156 Pa. Commw. 600, 603, 628 A.2d 917, 919 (1993). *Accord Ostrander v. PennDOT,* 116 Pa. Commw. 243, 541 A.2d 441 (1988); *Gresh v. PennDOT,* 76 Pa. Commw. 483, 464 A.2d 619 (1983).

Petitioner testified that she blew into the machine exactly as she was instructed by the police officer. The police officer testified that petitioner provided a sufficient breath for each requested test. He testified that he believes the machine printed "mouth alcohol" after each breath because he failed to give the machine ample time to clear itself after the first "mouth alcohol" reading.

This court accepts the officer's and petitioner's testimony as credible. This court finds that the "mouth alcohol" readings resulted from the officer's error, and that, therefore, petitioner did not refuse to submit to chemical testing. Accordingly, the suspension of petitioner's operating privilege is reversed.

## ORDER

And now, July 5, 1994, the order suspending petitioner Laura L. Bennett's operator's privilege is reversed.