Joseph A. VINANSKY

v.

COMMONWEALTH of Pennsylvania, DE-
PARTMENT OF TRANSPORTATION,
BUREAU OF DRIVER LICENSING,
Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 13, 1995.
Decided Sept. 29, 1995.

Barbara A. Darkes and Timothy P. Wile, Assistant Counsel In–Charge, Appellate Section, for appellant.

No appearance for appellee.

Before JOSEPH T. DOYLE and KELLEY, JJ., and NARICK, Senior Judge.

JOSEPH T. DOYLE, Judge.

The Department of Transportation, Bureau of Driver Licensing (DOT), appeals an order of the Court of Common Pleas of Allegheny County, which sustained Joseph A. Vinansky's statutory appeal of a one year suspension of his driver's license.[1] The suspension was imposed for Vinansky's failure to submit to chemical testing pursuant to Section 1547(b) of the Vehicle Code, 75 Pa. C.S. § 1547(b).[2]

On November 7, 1993, Officer McNelis of the Plum Borough Police Department, while on routine patrol, noticed a pickup truck parked in the parking lot behind the Renton Fire Department, a volunteer fire company. In the basement of the building housing the fire company is a members only social club; the entrance to the social club is behind the fire company's building. The parking lot is also contiguous to a baseball field known as the Renton ball field. The pickup truck was parked facing the fire company's building and approximately 15–20 yards to the right of the entrance to the social club. The vehicle's engine was running and its brake lights were on. The operator of the vehicle, Vinansky, was seated inside the truck with his head slumped over the steering wheel. Officer McNelis approached the vehicle, opened the door and turned off the ignition. The officer then extracted Vinansky from the vehicle, noting that he was unable to speak or control his motor functions. Officer McNelis also detected a strong odor of alcohol emanating from Vinansky's person.

Vinansky was arrested and transported to the police station where he was requested to submit to a breathalyzer test; the police warned him of the consequences of refusing the test. Vinansky, nevertheless, refused the test. Thereafter, DOT notified Vinansky that his driver's license would be suspended, effective January 3, 1994, for refusing to submit to chemical testing after his arrest.

Vinansky appealed the suspension to the common pleas court and presented to the court only two issues: the first, that he was not operating his vehicle "in a thruway" as required by Section 3101(b) of the Vehicle Code, 75 Pa.C.S. § 3101(b); and the "second argument, is the [police officer's] reasonableness with respect to the suspect being under the influence of alcohol" (Statement by Vinansky's counsel at court hearing; N.T. at 16–17; R.R. at 23–24(a). Both issues were pure issues of law because Vinansky did not testify nor contradict Officer Nelis' version of the facts. After a hearing, the common pleas court sustained Vinansky's appeal reasoning as follows:

We conclude that the instant circumstances did not establish **the necessary probable cause** which would have justified Officer McNelis's continued investigation. The Commonwealth failed to provide any evidence to convince this Court that Defendant's act of sitting in a stationary vehicle located on private property constituted the operation of a motor vehicle **on a public roadway** within the Commonwealth. (Emphasis added.) While we do not doubt the Officer's testimony that Defendant was found in an apparently intoxicated state

---

1. This case was reassigned to the writer on August 23, 1995.

2. Section 1547(b) provides as follows:
   If any person placed under arrest for a violation of section 3731 [of the Vehicle Code, 75 Pa.C.S. § 3731] (relating to driving under the influence of alcohol or a controlled substance)

is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months.

and that he refused chemical testing, we do question the sufficiency of his determination to investigate the scene for a possible charge of driving (Emphasis deleted.) while under the influence of alcohol.

(Trial Court opinion at 2.) This appeal by DOT followed.

On appeal, DOT raises two issues: (1) whether the common pleas court erred when it determined that Officer McNelis did not have reasonable grounds to believe that Vinansky was operating or in actual physical control of a motor vehicle while under the influence of alcohol; and (2) whether the common pleas court erred in holding that DOT had to prove that Officer McNelis had reasonable grounds to believe that the motorist had operated his vehicle on a public highway or trafficway while under the influence of alcohol.

■ To sustain a license suspension under Section 1547 of the Vehicle Code, DOT has the burden of establishing the following: (1) the motorist was arrested for drunken driving by a police officer who had reasonable grounds to believe *that the motorist was operating, or actually controlling or operating the movement of a motor vehicle,* while under the influence of alcohol or a controlled substance; (2) the motorist was asked to submit to a chemical test; (3) refused to do so; and (4) was warned that refusing the test would result in a license suspension. *Ostrander v. Department of Transportation, Bureau of Driver Licensing,* 116 Pa.Commonwealth Ct. 243, 541 A.2d 441 (1988).

■ Under Section 1547 of the Vehicle Code, a police officer needs to show only that he or she had reasonable grounds to believe that a motorist was driving under the influence of alcohol. *Department of Transportation v. Wysocki,* 517 Pa. 175, 535 A.2d 77 (1987). The test applied for determining if reasonable grounds exists is not very demanding. *Wilson v. Commonwealth,* 53 Pa.Commonwealth Ct. 342, 417 A.2d 867 (1980). Reasonable grounds exist when a person in the position of the police officer, viewing the facts and circumstances as they appeared at the time, could have concluded that the motorist was operating his or her

vehicle while under the influence of alcohol. *McCallum, II v. Commonwealth,* 140 Pa.Commonwealth Ct. 317, 592 A.2d 820 (1991). The arresting officer is not required to demonstrate probable cause to believe the motorist was actually *driving* under the influence of alcohol, only that the vehicle was under his or her control. *Id.* Further, the police officer is not required to be correct in his belief that a motorist was operating the vehicle while intoxicated. *Department of Transportation, Bureau of Driver Licensing v. Malizio,* 152 Pa.Commonwealth Ct. 57, 618 A.2d 1091 (1992). Whether reasonable grounds exist is a question of law reviewable by this Court on a case by case basis. *Id.*

■ Obviously, the common pleas court applied an incorrect standard when the trial judge concluded "the instant circumstance did not establish the necessary **probable cause** which would have justified Officer McNelis's continued investigation." (Trial Court opinion at 2) (emphasis added). We repeat, in driver's license suspension cases a police officer need only show reasonable grounds for his or her belief that a motorist was operating the vehicle under the influence of alcohol, not probable cause. *McCallum.* Probable cause is a criminal law concept that relates to the validity of an arrest; that concept is inapplicable to a civil license suspension appeal. *Department of Transportation, Bureau of Traffic Safety v. Barrett,* 22 Pa.Commonwealth Ct. 559, 349 A.2d 798 (1976). The common pleas court, therefore, erred as a matter of law in applying a probable cause standard in this case.

■ We further hold that reasonable grounds did exist to support the belief of Officer McNelis that Vinansky was operating the truck. What Officer McNelis observed was a yellow pickup truck with its engine running, its brake lights on, parked in a parking lot situated behind the Renton volunteer fire company's building near the entrance to a social club and the head of an individual slumped over the steering wheel of the truck. Officer McNelis testified:

I opened the door, shut off the ignition. At that time the defendant opened his eyes and looked at me and mumbled a few words. I asked him to step out of the

vehicle and recognizing the gentlemen that I arrested about a week and a half earlier. He was unable to speak. I assisted him out of the vehicle. There was a strong odor of intoxicating beverage on his person.

. . . .

He was unable to stand, unable to speak.

. . . .

When I read the implied consent warning, he refused the test saying that, I am not taking the test or signing anything.

(N.T. at 3–5; R.R. at 10a–12a.)

One reasonable interpretation of the above facts is that Vinansky drank to excess elsewhere and **was attempting to go to the club** to continue his drinking, but couldn't make it because he was completely ossified by the alcohol he had already consumed. That interpretation is strongly supported by the fact that Vinansky was discovered with the engine of his automobile running, his foot on the brake pedal, passed out over the steering wheel. Vinansky's condition was indicative of someone who if allowed to drive on a highway will injure, cripple, or even kill innocent people. Hence, we conclude that it was reasonable under the circumstances for Officer McNelis to believe that Vinansky had operated a motor vehicle under the influence of alcohol, and hold that the trial court erred in concluding that Officer McNelis did not have such grounds.

The result we reach is in accord with numerous prior decisions of this Court. *Department of Transportation, Bureau of Driver Licensing v. Paige*, 156 Pa.Commonwealth Ct. 600, 628 A.2d 917 (1993) (police officer noticed vehicle parked on a Harrisburg city street with its parking lights on, the key in the ignition and the sleeping driver slumped over the steering wheel. Despite the argument that the driver informed the police officer that he had not driven his car out of concern over his condition (a reasonable alternate explanation) we held that it did not preclude the officer's reasonable belief that the driver had been in control of the move-

ment of the car while under the influence). *See also Department of Transportation v. Berta*, 120 Pa.Commonwealth Ct. 558, 549 A.2d 262 (1988) (police officer observed licensee sitting in a vehicle parked in a restricted area. He asked the driver to produce her operator's license and vehicle registration, which she refused, and to step out of the car, which she also refused. After being forcibly removed, the driver became belligerent and bit and kicked the police officer. Held: the police officer had reasonable grounds to believe that the driver had operated the vehicle while under the influence).

■ We further hold that the common pleas court also erred by requiring DOT to prove that Officer McNelis had reasonable grounds to believe that Vinansky had operated his vehicle *on a public roadway*. By an en banc decision of this Court we held that Section 3101(b) of the Vehicle Code (serious traffic offenses must occur upon highways and trafficways), does **not** require a police officer requesting a motorist to submit to chemical testing to have reasonable grounds to believe that the motorist was driving, operating or in actual physical control of a vehicle *on a highway or trafficway* while under the influence of alcohol. *Department of Transportation, Bureau of Driver Licensing v. Bird*, 134 Pa.Commonwealth Ct. 305, 578 A.2d 1345 (1990), *petition for allowance of appeal granted*, 527 Pa. 612, 590 A.2d 298 (1991), (**overruling** *Department of Transportation, Bureau of Driver Licensing v. McLaughlin*, 124 Pa.Commonwealth Ct. 496, 556 A.2d 533 (1989)).

We repeated in *Bird* the well-established and now entrenched principle that a police officer's request to a motorist to take the intoxilizer test is valid as long as the officer has reasonable grounds to believe that the person was driving, operating **or** had actual physical control of the movement of the vehicle while under the influence of alcohol. The common pleas court in this appeal held to the

contrary,[3] applied the requirement of Section 3101(b), and by doing so committed error.[4]

Accordingly, the order of the common pleas court is reversed.

### ORDER

**NOW,** September 29, 1995, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby reversed.

KELLEY, Judge, dissenting.

I respectfully dissent. This is truly a case of how much is too much. I believe that the majority would rightfully conclude that the licensee in this case, Joseph A. Vinansky, had consumed too many intoxicating beverages. Where I respectfully disagree with the majority is the extent to which actions can be considered reasonable. I believe, as a matter of law, that the majority construes the facts as established in the record of this case to be unreasonable. Contrary to the majority's opinion, I believe that the only reasonable conclusion in this case is the one reached by the trial court.

The majority sets forth on page 862 of the slip opinion that Officer McNelis observed a yellow pickup truck, with its engine running and its brake lights on, parked in a parking lot situated behind the Renton volunteer fire company's building, near the entrance to a social club, and the head of an individual slumped over the steering wheel of the truck. These cold facts, combined with uncontradicted evidence of Vinansky's stuporous condition when Officer McNelis approached and awakened him, lead to only one reasonable conclusion. Vinansky did not drive in such a condition to the social club. To the contrary, all the evidence would reasonably lead to the conclusion that Vinansky had consumed too many alcoholic beverages and, upon leaving

the social club, had had enough sense and wits to realize his own incapacity to drive legally and had remained in his vehicle. I believe that Vinansky should be complimented for not jeopardizing other people and property, let alone himself, by driving in such a condition. He should not be penalized for exercising good judgment albeit with the infirmities of his alcoholic consumption.

As stated by the majority, pursuant to section 1547(a) of the Vehicle Code, 75 Pa. C.S. § 1547(a), an arresting police officer only needs reasonable grounds, not probable cause, to believe that a motorist was driving under the influence of alcohol. *Department of Transportation v. Wysocki,* 517 Pa. 175, 535 A.2d 77 (1987). Whether reasonable grounds exist is a question of law reviewable by this court on a case-by-case basis. *Department of Transportation, Bureau of Driver Licensing v. Malizio,* 152 Pa.Commonwealth Ct. 57, 618 A.2d 1091 (1992). The test for reasonable grounds is whether a person in the position of the police officer, viewing the facts and circumstances as they appeared at the time, could have concluded that the motorist was operating the vehicle while under the influence of alcohol. *McCallum v. Commonwealth,* 140 Pa.Commonwealth Ct. 317, 592 A.2d 820 (1991). Because the trial court is the ultimate fact finder in driver license suspension appeals, questions of credibility and conflicts in the evidence are for the trial court to resolve. *Department of Transportation, Bureau of Driver Licensing v. Ingram,* 538 Pa. 236, 648 A.2d 285 (1994).

Contrary to the conclusion reached by the majority, I conclude that there were not reasonable grounds for Officer McNelis to have believed that Vinansky was operating or in physical control of the movement of a motor

**3.** "The Commonwealth failed to provide any evidence to convince this court that defendant's act of sitting in a stationary vehicle located on private property constituted the 'operation' of a motor vehicle *on a public roadway* within the Commonwealth...." (Trial Court Opinion at 2.) (Emphasis added.)

**4.** Even if the law was to the contrary and Section 3101(b) was *employed,* the Superior Court has held that the parking lot of an Elks Club *is* a "trafficway" even though the particular lot in

question had been posted with a sign declaring it to be private property. The Superior Court reasoned as follows:

> It would raise form to towering levels above substance if parking lots, in which vehicular traffic is encouraged and occurs, sometimes at high rates of speed, were to become 'DWI-free zones,' in which drunk driving is tolerated from entrance to exit. Such a construction would seriously undermine the effectiveness of any drunk driving prohibitions.

vehicle while under the influence of alcohol.[1] I recognize that the test for determining whether reasonable grounds exist is not very demanding. *See Wilson v. Commonwealth,* 53 Pa.Commonwealth Ct. 342, 417 A.2d 867 (1980). At the same time, this test for reasonable grounds does not give police officers unfettered discretion to investigate and arrest motorists without appropriate cause.

In the present case, while on routine patrol, Officer McNelis happened to observe Vinansky's parked vehicle with its lights on and its engine running. The vehicle was parked on privately owned property in a designated parking lot space to the rear of a "members only" volunteer firemen club. Testimony before the trial court established that the club parking lot was not adjacent to a paved road, Vinansky's vehicle was not parked adjacent to a thruway and his vehicle was not blocking other traffic. Reproduced Record (R.) at 15a. Moreover, the front of Vinansky's vehicle was parked so that it was facing into the building where the club was located. R. at 16a. Officer McNelis testified that he had not received a call or complaint with respect to the vehicle but had merely observed it on routine patrol. R. at 19a–20a.

The "reasonable" conclusion to be drawn from the circumstances of this case is that Vinansky had spent time in the club on the evening in question, had exited the club, had gotten into his vehicle, had realized that he was unable to drive because of his consumption of alcohol and had wisely decided to sleep it off in his vehicle. The record in this case does not support a conclusion by the majority, contrary to the trial court, that Vinansky was in physical control of the movement of his motor vehicle while under the influence of alcohol. Accordingly, it is my opinion that Vinansky should not be punished for taking steps to avoid being in a dangerous condition by sleeping off the effects of too much alcohol instead of attempting to operate his vehicle upon public roads.

I believe that the trial court's conclusion that DOT failed to establish that Vinansky

"operated" a motor vehicle while under the influence of alcohol is supported by substantial evidence. Since this determination was properly within the province of the trial court, as fact finder, it should not be overruled by this court.

I agree with the majority's conclusion that, pursuant to this court's decision in *Bird,* DOT was not required to prove that Vinansky had operated his vehicle on a highway or a trafficway while under the influence of alcohol. However, my agreement with this principle does not change my conclusion that DOT still failed to prove that Officer McNelis had reasonable grounds for believing that Vinansky was operating or was in physical control of the movement of his vehicle while under the influence of alcohol.

The majority finds the grounds to establish reasonable belief and, in so doing, essentially condones what I consider to be going too far given the legislative purposes of the provisions for license suspensions. This is truly a case of going way beyond the contemplation of the statute, as written in spirit or letter, and the reasonableness of all law.

Accordingly, the trial court's order should be affirmed.

---

*Commonwealth v. Wilson,* 381 Pa.Superior Ct. 253, 257, 553 A.2d 452, 454, *petition for allowance of appeal denied,* 522 Pa. 603, 562 A.2d 826 (1989).

**1.** I agree with the majority that the trial court applied the incorrect standard when it concluded that the circumstances of this case did not estab-

lish the necessary *probable cause* which would have justified Officer McNelis's continued investigation of Vinansky. Nonetheless, despite the trial court's application of the wrong standard, I believe that its determination should still be affirmed because DOT has still failed to establish that Officer McNelis had *reasonable grounds* for continued investigation of Vinansky.