# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ronda Carosello,                                    :
                     Appellant            :
                                         :

               v.                                         :   No. 938 C.D. 2022
                                         :   SUBMITTED: June 5, 2023

Commonwealth of Pennsylvania,              :
Department of Transportation,              :
Bureau of Driver Licensing                 :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
                  HONORABLE ELLEN CEISLER, Judge
                  HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                        **FILED: June 27, 2023**


Licensee Ronda Carosello appeals from an order of the Court of Common Pleas of Montgomery County dismissing her appeal from a one-year suspension of her operating privilege imposed by the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (Department). The suspension was imposed pursuant to what is commonly known as the Implied Consent Law, Section 1547 of the Vehicle Code, 75 Pa.C.S. § 1547, because Licensee refused to submit to chemical testing when she was arrested for driving under the influence of alcohol or a controlled substance (DUI). Upon review, we affirm.

## Background

On February 17, 2022, Pennsylvania State Police Trooper Kole Rodrigues arrested Licensee for DUI. By official notice mailed April 21, 2022, the

Department informed Licensee that it was suspending her operating privilege for one year pursuant to Section 1547(b)(1)(i) of the Vehicle Code for refusing a chemical test. (Reproduced Record "R.R." at 7a-10a.) Licensee timely appealed the suspension, and the trial court held a *de novo* hearing. (R.R. at 1a, 3a-6a.)

Trooper Rodrigues testified that just after 12:00 a.m., he was on patrol with Trooper Seth Heffner driving along U.S. Route 422 in Montgomery County when he observed a red Toyota Corolla directly in front of him weave in and out of the traffic lanes several times and cross the white fog line. Trooper Rodrigues engaged his emergency lights and sirens and initiated a traffic stop of Licensee's vehicle. He then approached and made contact with Licensee, whom he observed as "having glossy eyes and her eyes were very sensitive to [his] patrol unit's lights and [his] hand-held flashlight." (R.R. at 23a.)

Given his observations of Licensee and her driving, Trooper Rodrigues requested that she exit her vehicle and perform standardized field sobriety tests. Licensee agreed and displayed multiple signs of impairment with each of the three tests. More specifically, with the horizontal gaze nystagmus test, Licensee had difficulty tracking the stimulus and could not focus due to light sensitivity; with the walk-and-turn test, she was unable to maintain the starting position, used her arms for balance, and missed the heel-to-toe on multiple steps; and with the one-leg stand test, Licensee put her foot down, used her arms for balance, and used both feet. Trooper Rodrigues ultimately stopped this last test short due to his concern for Licensee's safety.

Trooper Rodrigues then observed Trooper Heffner administer the Advanced Roadside Impaired Driving Enforcement (ARIDE) testing to Licensee to test for possible drug-based impairment. Specifically, he observed Trooper Heffner

2

administer the Modified Romberg test twice, wherein Trooper Heffner asked Licensee to stand with her feet flat on the ground, tilt her head back, and estimate when 30 seconds had transpired. Both times, Trooper Rodrigues observed Licensee estimate that 30 seconds had elapsed in just 7 seconds. When Trooper Rodrigues was questioned about what Trooper Heffner relayed to him regarding the outcome of the ARIDE testing, Licensee lodged a hearsay objection. The trial court sustained the objection given that Trooper Rodrigues was not trained to perform or interpret the results of ARIDE testing and Trooper Heffner was not present to testify. (R.R. at 31a-32a.)

Based on these circumstances, Trooper Rodrigues arrested Licensee for DUI and placed her in the back of his patrol vehicle. Trooper Rodrigues read the warnings on the Department's DL-26B Form to Licensee verbatim and requested that she submit to a chemical blood test, but she refused. While Trooper Rodrigues could not remember the exact words used, he repeatedly testified that Licensee refused, noting that she was very uncooperative in the patrol vehicle and "she may have stated that she was not going to the hospital." (R.R. at 34a; *see also* R.R. at 55a.)

On cross-examination, Trooper Rodrigues conceded that he did not observe Licensee fumbling for her identification, and she did not exhibit slurred speech or a staggered gait. (R.R. at 47a-48a, 53a.) He also stated that he did not recall if he gave Licensee *Miranda*[1] warnings. (R.R. at 55a.) Trooper Rodrigues confirmed that Licensee refused the chemical test, stating she was not going to the hospital, at which point he believed he related to her that they could "possibly get an ambulance to the Skippack station as we have done in the past." (R.R. at 57a.)

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

Licensee did not testify or present any evidence on her own behalf. Following post-hearing briefing, the trial court issued a memorandum opinion and order denying Licensee's appeal. Licensee then appealed to this Court.

**Issues**

Licensee raises the following three issues for this Court's review:[2] whether the trial court erred in determining that the Department sustained its burden of proof for the suspension of Licensee's operating privilege; whether the trial court erred in accepting into evidence Licensee's 35-year-old driving record because it is prejudicial and irrelevant to the suspension; and whether the trial court erred by admitting into evidence the hearsay conclusion of Trooper Heffner as to Licensee's ARIDE testing because Trooper Heffner was not called as a witness and his absence was unexplained.[3]

---

[2] We have reordered Licensee's arguments for clarity and ease of discussion.

[3] Licensee purports to raise a number of additional issues on appeal, including whether Trooper Rodrigues failed to advise her that the *Miranda* warnings do not apply to a request for chemical testing; whether the trial court erred by failing to consider and rule upon Licensee's request for an adverse inference given the Department's failure to produce Trooper Heffner as a witness; and whether the Department's failure to produce video of the traffic stop violated Licensee's right to a fair trial. However, these issues are neither listed in the statement of questions involved portion of Licensee's brief, nor are they fairly suggested thereby. *See* Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."). Moreover, these issues are not set forth in separate parts of the argument section of her brief and are not fully developed, with appropriate discussion and citation to authorities or facts of record, to provide for meaningful appellate review. *See* Pa.R.A.P. 2119(a). Several of these arguments consist of no more than a single sentence and lack merit as they are not supported by the record. For example, Trooper Rodrigues testified that he did not recall if he gave Licensee *Miranda* warnings, and Licensee herself did not testify so there is nothing in the record to support this claim. (R.R. at 55a.) As the trial court summarized, "there was only an oblique reference to the *Miranda* [w]arnings that may have been given by a[ Trooper], off to the side, and not related, whatsoever, to the reading of the DL[-26B] Form and the immediate refusal by [L]icensee." (R.R. at 76a.) Given these significant deficiencies, we find that Licensee's additional issues have been waived. *See Wirth v. Commonwealth*, 95 A.3d 822, 858 (Pa. 2014) (finding no **(Footnote continued on next page…)**

**Discussion**

Licensee's main arguments concern the requirements for sustaining a civil suspension of a licensee's operating privilege for failure to submit to chemical testing and whether the Department has met its burden here. It is well established that to sustain such a suspension under the Implied Consent Law, the Department has the burden of proving

> that the licensee (1) was arrested for [DUI] by a police officer who had *reasonable grounds* to believe that the licensee was operating a vehicle while under the influence of alcohol or a controlled substance, (2) was asked to submit to a chemical test, (3) refused to do so, and (4) was warned that a refusal would result in a license suspension.

*Regula v. Dep't of Transp., Bureau of Driver Licensing*, 146 A.3d 836, 842 (Pa. Cmwlth. 2016) [quoting *Zwibel v. Dep't of Transp., Bureau of Driver Licensing*, 832 A.2d 599, 604 (Pa. Cmwlth. 2003) (emphasis in original)].

First, we reject Licensee's assertion that the Department must prove the lawfulness of the underlying DUI arrest or that Trooper Rodrigues had probable cause to effectuate the traffic stop. *See* Licensee's Br. at 14. To the contrary, "[b]oth the Supreme Court and this Court consistently have held that the result of a *criminal* DUI proceeding and the legality of the underlying traffic stop are not relevant to an appeal of a *civil* license suspension matter based on a licensee's refusal to submit to a chemical test[.]" *Regula*, 146 A.3d at 843 (emphasis in original). *See also Banner*

---

error in determination that issue was waived under Pa.R.A.P. 2119(a) for underdevelopment, and further stating Pa.R.A.P. 2116(a) "is to be considered in the highest degree mandatory, admitting of no exception; ordinarily no point will be considered which is not set forth in the statement of questions involved or suggested thereby") (citation omitted); *Dep't of Transp. v. McCafferty*, 758 A.2d 1155, 1164 (Pa. 2000) (holding claim was waived because it was not included in statement of questions involved and not developed as a separate argument).

*v. Dep't of Transp., Bureau of Driver Licensing*, 737 A.2d 1203, 1206 (Pa. 1999); *Kachurak v. Dep't of Transp., Bureau of Driver Licensing*, 913 A.2d 982, 986 (Pa. Cmwlth. 2006) ("[t]he law is clear that the legality of the underlying DUI arrest is of no moment" in a civil license suspension appeal and "[i]t is irrelevant whether [the arresting officer] had probable cause for executing the traffic stop"). Licensee has confused the legal concept of probable cause in criminal cases and reasonable grounds in license suspension civil cases.

Licensee also argues that the Department did not meet its burden with respect to the first prong, that of reasonable grounds. The test for whether a police officer had reasonable grounds "is not very demanding," and it is not necessary for the police officer to be correct in his belief. *Vinansky v. Dep't of Transp., Bureau of Driver Licensing*, 665 A.2d 860, 862 (Pa. Cmwlth. 1995). While there is no bright line test, our courts have concluded that reasonable grounds are established

> if a reasonable person in the position of a police officer, viewing the facts and circumstances as they appeared to the officer at the time, could conclude that the driver drove h[er] car while under the influence[.] The issue of reasonable grounds is decided on a case-by-case basis . . . . Moreover, the existence of reasonable alternative conclusions that may be made from the circumstances does not necessarily render the officer's belief unreasonable.

*Regula*, 146 A.3d at 842-43 (citations and quotation omitted). Finally, "[a]n officer may acquire reasonable grounds to believe that a licensee was driving under the influence [] at any time during the course of [the] interaction[.]" *Kachurak*, 913 A.2d at 985.

Here, Trooper Rodrigues testified that he observed Licensee driving erratically, with her vehicle weaving in and out of the traffic lanes several times and

6

crossing the white fog line. When he approached her vehicle, he observed Licensee's eyes to be glossy and very sensitive to light. Licensee also displayed multiple signs of impairment with each of the three field sobriety tests Trooper Rodrigues administered, to the point that he stopped the final test short due to concerns for Licensee's safety, and she was uncooperative while in his patrol vehicle. The trial court found Trooper Rodrigues to be credible and Licensee herself did not testify or dispute the Department's evidence. *See Factor v. Dep't of Transp., Bureau of Driver Licensing*, 199 A.3d 492, 497 (Pa. Cmwlth. 2018) (noting well-settled principle "that the trial court's credibility determinations in a license suspension appeal will not be second-guessed on appeal"). Licensee argues that reasonable grounds do not exist because there is no evidence that she had slurred speech or was staggering, or that Trooper Rodrigues observed an odor of alcohol or other controlled substance emitting from her or her vehicle. However, we have repeatedly held that an officer does not lack reasonable grounds simply because he did not observe every indicator of intoxication that this Court has outlined in prior decisions. *See Jessen v. Dep't of Transp., Bureau of Driver Licensing* (Pa. Cmwlth., No. 250 C.D. 2019, filed December 4, 2019), slip op. at 9[4] [quoting *Farnack v. Dep't of Transp., Bureau of Driver Licensing*, 29 A.3d 44, 48 (Pa. Cmwlth. 2011)]. The trial court determined that reasonable grounds existed based on the totality of the circumstances, and we discern no error in this regard.

Licensee also appears to argue that she did not refuse the chemical test. "The question of whether a licensee refuses to submit to a chemical test is a legal one, based on the facts found by the trial court." *Nardone v. Dep't of Transp.,*

---

[4] Unreported panel decisions of this Court may be cited for their persuasive value pursuant to Pa.R.A.P. 126(b)(1), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

7

*Bureau of Driver Licensing*, 130 A.3d 738, 748 (Pa. 2015). Our "courts have long and consistently held that anything less than an unqualified, unequivocal assent to submit to chemical testing constitutes a refusal[.]" *Factor*, 199 A.3d at 497. In addition, we must view the evidence in the light most favorable to the Department as the party that prevailed before the trial court. *Bradish v. Dep't of Transp., Bureau of Driver Licensing*, 41 A.3d 944, 945 n.3 (Pa. Cmwlth. 2012).

Here, Licensee failed to give an unqualified, unequivocal assent to chemical testing. While Trooper Rodrigues could not recall the exact response Licensee provided, he repeatedly testified that Licensee refused to submit to the chemical test and that she was uncooperative. *See Factor*, 199 A.3d at 497-98 (finding no abuse of discretion in trial court's determination that the licensee refused to consent where officer could not recall the exact words used but testified repeatedly that it was a refusal); *Fleet v. Dep't of Transp., Bureau of Driver Licensing* (Pa. Cmwlth., No. 1025 C.D. 2021, filed November 7, 2022). Throughout her brief, Licensee claims that she told Trooper Rodrigues she did not want to go to a hospital for testing because of the COVID risks and because she is the caregiver for her elderly father. *See* Licensee's Br. at 6, 16. However, Licensee did not testify or present any other evidence before the trial court, and these claims are not substantiated by the credible testimony of Trooper Rodrigues.

Licensee's remaining arguments lack merit as they simply are not supported by the record. Contrary to Licensee's claim, the trial court *sustained* her objection to the admission of her driving record as part of the Department's certified record. The transcript from the trial court hearing indicates that only a portion of the Department's certified record was admitted into evidence – that being the cover sheet, notice of suspension, and DL-26B Form – while Licensee's actual driving

record was explicitly precluded. (*See* R.R. at 41a-44a, 61a.)[5] As such, Licensee's driving record was not transmitted to this Court as part of the record and was not considered by the trial court when rendering its decision.

Similarly, the trial court *sustained* Licensee's objection to what Trooper Heffner told Trooper Rodrigues regarding the results of her ARIDE testing. The trial court allowed Trooper Rodrigues to testify as to his own observations since he witnessed Licensee perform the test twice. (*See* R.R. at 28a-32a.) However, the following colloquy is instructive:

> THE COURT: And your objection is to when he said about, I think he said that she might be, she may be under impairment, [sic] and you're objecting to that?
>
> [LICENSEE'S COUNSEL]: I am objecting to that. I am objecting to the word "may." I'm objecting.
>
> THE COURT: I think I'm going to *sustain* that, because you're not trained to draw any conclusions; am I correct?
>
> [TROOPER RODRIGUES]: Yes, Your Honor.
>
> . . . .
>
> THE COURT: And you have some general understanding, or he told you some general understanding of the test, but you're not qualified for the test; right?
>
> [TROOPER RODRIGUES]: Correct, Your Honor.
>
> [DEPARTMENT'S COUNSEL]: Your Honor, he's indicating what was told to him.

---

[5] The trial court explained that the Department's certified record "[wa]s admitted, *except for the last several pages*." (R.R. at 61a) (emphasis added). Moreover, both the trial court and counsel for the Department noted that Licensee's driving record was "not going to be used against [Licensee]." (R.R. at 43a.)

9

THE COURT: But you're going to have a hard time. Let's say it was seven seconds, but you don't have an officer to say the relevancy of that seven seconds.

So I'll allow him saying that, but it's not going to matter. Next.

[LICENSEE'S COUNSEL]: Again, Your Honor --

THE COURT: I'm *sustaining* your objection to the, to anything that he might have said about that she "may be under," that's totally -- "she may be under the influence of drugs."

That's not -- I hold no relevancy to that, so I sustain that objection.

Next question.

(R.R. at 31a-32a) (emphasis added). Given these evidentiary rulings, Licensee's remaining arguments fail.

## Conclusion

Based on all of the above, the Department met each element of its burden and the trial court appropriately denied Licensee's appeal. Accordingly, we affirm.

 

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

10

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ronda Carosello,                          :
                    Appellant             :
                                          :
         v.                               :    No. 938 C.D. 2022
                                          :
Commonwealth of Pennsylvania,             :
Department of Transportation,             :
Bureau of Driver Licensing                :

# **O R D E R**

AND NOW, this 27th day of June, 2023, the order of the Court of Common Pleas of Montgomery County in the above-captioned matter is hereby AFFIRMED.

 

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita