Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Bradley A. Farner, Appellee.

Submitted on briefs May 6, 1985, to Judges CRAIG and DOYLE and Senior Judge KALISH, sitting as a panel of three.

*Lawrence R. Wieder*, Assistant Counsel, with him, *Spencer A. Manthorpe*, Chief Counsel, and *Jay C. Waldman*, General Counsel, for appellant.

*P. Richard Wagner*, for appellee.

Opinion by Judge Craig, July 22, 1985:

This appeal by the Pennsylvania Department of Transportation, Bureau of Traffic Safety (DOT), from a decision of the Court of Common Pleas of Cumberland County which reversed a vehicle operator's license suspension imposed for refusal to take a chemical test for alcohol, presents a legal question of statutory interpretation. The question is one of first impression because it involves the meaning and effect of the 1982 amendment to the Vehicle Code which now applies the chemical test duty to one who "drives, operates or is in actual physical control of the movement of a motor vehicle," while the original 1976 version of the same section applied the duty to one who "operates" or has been "driving" a motor vehicle. 75 Pa. C. S. §1547(a), as originally enacted by the Act of June 17, 1976, P.L. 162, §1, and as amended by the Act of December 15, 1982, P.L. 1268, §5.

Based upon the undisputed facts found by the trial judge, the specific question in this case is:

Where a person behind the wheel of a pickup truck, parked in a traffic lane twenty-eight

inches from the curb, has his hands on the steering wheel, starts the engine running and actuates the brake lights, but leaves the transmission in "Park" and does not cause the vehicle or its driving wheels to move, was that person driving, operating or "in actual physical control of the movement" of the motor vehicle?

The pertinent terms of the section, as amended in 1982 and therefore effective with respect to the 1984 events in this case, read as follows:

(a) General rule.—Any person who *drives, operates or is in actual physical control of the movement of a motor vehicle* . . . shall be deemed to have given consent to one or more chemical tests . . . for the purpose of determining the alcoholic content of blood . . . if a police officer has reasonable grounds to believe the person to have been *driving, operating or in actual physical control of the movement of a motor vehicle:*

*(1) while under the influence of alcohol* . . . . (Emphasis added.)

Determination of the meaning of the statutory terms in question can benefit from following the sound lead of the trial judge and reviewing the Superior Court's views as to the same words, as they have been related to the offense of operating or driving under the influence. Section 1037 of The Vehicle Code, Act of April 29, 1959, *formerly* 75 P.S. §1037, *repealed* by the Act of June 17, 1976, P.L. 162, §7; now 75 Pa. C. S. §3731(a), as enacted by the Act of June 17, 1976, P.L. 162, §1 and amended by the Act of December 15, 1982, P.L. 1268, §9.

With respect to the 1959 version of that offense, which used the term "operate," the Superior Court,

in *Commonwealth v. Kallus*, 212 Pa. Superior Ct. 504, 507, 508, 243 A.2d 483, 485 (1968), said:

> [I]t is not necessary that the vehicle itself must be in motion but it is sufficient if the operator is in *actual physical control of the movements of either the machinery of the motor vehicle or of the management of the movement of the vehicle itself.* (Emphasis added.)

In that case, the court concluded that the defendant, who was seated in the driver's seat behind the steering wheel with the engine running, car in gear and rear wheels spinning in the snow, was deemed to "operate" the vehicle even though the vehicle itself did not move from its position.

In *Commonwealth v. Kloch*, 230 Pa. Superior Ct. 563, 327 A.2d 375 (1974), the defendant was behind the wheel of an automobile stopped mostly on the highway, with the motor running and the lights on; the vehicle itself was not moving. Again, interpreting "operate," the Superior Court pointed out that operation depends upon "actual physical control," and added:

> A driver has "actual physical control" of his car when he has real (not hypothetical), bodily restraining or directing influence over, or domination and regulation of, its movements of machinery. Webster's Third New International Dictionary 22, 1706, and 496-97 (1961). See State v. Ruona, 133 Mont. 243, 248, 321 P. 2d 615, 618 (1958) . . . .

230 Pa. Superior Ct. at 576, 327 A.2d at 383.

In *Commonwealth v. Taylor*, 237 Pa. Superior Ct. 212, 352 A.2d 137 (1975), the Superior Court considered a case in which the defendant was found seated in his disabled car after a collision and concluded that the actual "physical control" continued

in the defendant even after the collision had immobilized his car. 237 Pa. Superior Ct. at 216-17, 352 A.2d at 139-40. At that time, the Code had continued to use the term "operate."

With the adoption of the new Code in 1976, the legislature, in defining the offense of driving under the influence, replaced the word "operate" solely with the word "drive." 75 Pa. C. S. §3731, as enacted by the Act of June 17, 1976, P.L. 162, §1. Hence, in that post-1976 period before the 1982 amendment, the Superior Court concluded that the General Assembly had intended a change in meaning and therefore decided that the word "drive" required evidence that the vehicle had to be actually in motion for the offense to be committed. *Commonwealth v. Brown*, 268 Pa. Superior Ct. 206, 208, 211, 407 A.2d 1318, 1319-20 (1979).

In the light of those interpretations by the Superior Court, we note that the 1976 version of 75 Pa. C. S. §1547(a), relating to the chemical test requirement, used both of the verbs discussed above; the one who "operates" a vehicle is deemed to have given consent "if a police officer shall have reasonable grounds to believe" him to have been "driving" the vehicle while under the influence.

However, as noted above, the governing version here is that of the 1982 amendment which has expressly added to the operating and driving terms the phrase "actual physical control of the movement of a motor vehicle." In accordance with the statutory construction principles that effect should be given to all of the words of a law, 1 Pa. C. S. §§1921(a), 1922(2), and that earlier judicial interpretations of terms should be heeded when the legislature includes those terms in a subsequent statute, 1 Pa. C. S. §1922(4), this court must conclude that the concept

of "actual physical control" in the present chemical test section conveys the same meaning as that which the Superior Court had accorded to the concepts of operating and having physical control—as involving control of the movements of either the machinery of the motor vehicle or of the management of the movement of the vehicle itself, without a requirement that the entire vehicle be in motion.

Therefore, this court cannot agree with the trial court's conclusion that the applicable Code section requires proof that the vehicle was in motion, either by direct evidence or by evidence supporting an inference (which the trial judge found not to be present) that such licensee had previously had the vehicle in motion.

Accordingly, in view of the trial court's finding that Mr. Farner indeed refused to take the test, the only issue is the statutory interpretation question hereby resolved against the licensee. Hence, the order of the trial court is reversed, so as to reinstate the suspension of the license by DOT.

### ORDER

Now, June 19, 1985, the order of the Court of Common Pleas of Cumberland County, dated March 27, 1984, at No. 566 Civil 1984, is reversed.

### ORDER

Now, July 22, 1985, upon consideration of Petition for Clarification of Opinion submitted on behalf of the Pennsylvania Department of Transportation, it is ORDERED that the petition is hereby granted, and, accordingly, the opinion filed June 19, 1985 is hereby withdrawn, and the Chief Clerk is hereby directed, in place of that opinion, to file, docket and distribute, together with this order, the revised opinion attached hereto.