535 A.2d 1249

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* Phyllis A. Bendik, Appellee.

Submitted on briefs October 5, 1987, to Judges CRAIG, DOYLE and BARRY, sitting as a panel of three.

*Robert C. Bell,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Morey Myers,* General Counsel, for appellant.

*John Elash,* for appellee.

OPINION BY JUDGE BARRY, January 20, 1988:

The Department of Transportation, Bureau of Driver Licensing (DOT) appeals from an order of the Court of Common Pleas of Allegheny County which sustained the appeal of Phyllis A. Bendik (appellee) from the suspension of her driver's license by DOT for a period of one year due to her refusal to submit to a blood test.

On April 2, 1985, Officer George Polnar, a police officer for the Municipality of Monroeville, was called to investigate a disturbance at the Gambit Restaurant in the Marriot Motel in Monroeville. Upon arriving at the scene, restaurant security personnel identified a car which had collided with another car while pulling out of the motel parking lot as that in which the persons causing the disturbance were riding. Upon observing this vehicle, the arresting officer saw the appellee get out of the driver's side, and noticed that she was unsteady on her feet and was supporting herself by holding onto her vehicle and the other vehicle involved in the accident. Appellee had the odor of alcohol on her breath, slurred speech, had difficulty in locating her owner's card and dropped her driver's license. She failed two field sobriety tests, was placed under arrest and transported to the police station. At the station, she was informed of the implied consent statute and of the consequences of a refusal to submit to chemical testing. She refused to submit to a blood test.

As a result of her actions, DOT suspended appellee's license pursuant to Section 1547 of the Vehicle Code, 75 Pa. C. S. §1547. Appellee then appealed the suspension to the Court of Common Pleas of Allegheny County, which sustained the appeal. This appeal then followed.

The Commonwealth here contends that the trial court erred when it found that the arresting officer did not have reasonable grounds to believe that appellee was operating her motor vehicle on a highway or trafficway while intoxicated. Section 1547 of the Vehicle Code, 75 Pa. C. S. §1547, provides in applicable part as follows:

> Any person who drives, operates or is in actual physical control of the movement of a motor vehicle in this Commonwealth shall be deemed

to have given consent to one or more chemical tests of breath, blood or urine for the purpose of determining the alcoholic content of blood or the presence of a controlled substance if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a motor vehicle: (1) while under the influence of alcohol or a controlled substance or both . . .

Meanwhile, Section 3101 of the Vehicle Code, 75 Pa. C. S. §3101, states: "The provisions of Subchapter B of Chapter 37 of the Code (relating to Serious Traffic Offenses) shall apply upon highways and trafficways throughout this Commonwealth." Since the statutory provisions concerning the offense of driving while under the influence of alcohol appears in Subchapter B of Chapter 37, a party can be convicted of the crime of driving while under the influence of alcohol if he committed such a crime on either a highway or trafficway in the Commonwealth.

Construing Sections 1547 and 3101 together, a person who drives, operates or is in actual physical control of the movement of a motor vehicle in this Commonwealth is deemed to have given consent to one or more chemical tests of breath, blood or urine for the purpose of determining the alcoholic content of blood or the presence of a controlled substance if, *inter alia,* a police officer has reasonable grounds to believe that he or she had been driving, operating or in actual physical control of the movement of a motor vehicle *on a highway or trafficway* while under the influence of alcohol or a controlled substance. The trial court concluded that, in the present case, the arresting officer, while having reasonable grounds to believe that appellee was operating a motor vehicle while under the influence of alcohol, did not have reasonable grounds to believe that she was

doing so on a highway or trafficway. It concluded that the parking lot of a motel was private property.

It appears that both parties agree that the parking lot of a motel is not a highway. The disagreement comes as to whether it is a trafficway, as that term is defined in Section 102 of the Code, 75 Pa. C. S. §102. That definition reads as follows:

> The entire width between property lines or other boundary lines of every way or place of which any part is open to the public for purposes of vehicular travel as a matter of right or custom.

It would appear from the use of a motel parking lot that it is customarily open to the public for the purpose of vehicular travel to the extent that members of the general public are welcome to drive onto the lot if they wish to park their car and patronize the motel or, as in this case, a restaurant therein. Appellee argues that a parking lot is not designed for vehicular travel but rather for parking. This ignores the fact that vehicular travel does occur on a parking lot, even though the travel is limited to the movement of cars from a highway to spaces in the lot and vice versa.

The purpose of Section 3101 is to afford protection to the public from serious traffic offenses even though these offenses did not occur on highways. It is this court's opinion that the legislature was contemplating accidents such as the one which involved appellee when it included the term "trafficways" in the Code and permitted the prosecution of serious traffic offenses, such as drunk driving, committed on them. Therefore, this court concludes that the trial court erred in concluding that the motel parking lot was not a trafficway.

Appellee contends that, even if a motel parking lot constitutes a trafficway, the trial court was in error when it found that the arresting officer had reasonable

grounds to believe that she was "operating" her motor vehicle, because no one observed her having her motor vehicle in motion. This position is erroneous. As a result of the 1982 amendment to Section 1547, it was not necessary that the appellee be observed behind the steering wheel of the vehicle while it was in motion. *See Department of Transportation, Bureau of Traffic Safety v. Farner*, 90 Pa. Commonwealth Ct. 201, 494 A.2d 513 (1985). It is not even necessary that a licensee be observed behind the steering wheel. *See Haklits v. Commonwealth*, 44 Pa. Commonwealth Ct. 198, 418 A.2d 772 (1979). For the purposes of Section 1547, proving that the licensee had control of the movements of either the machinery of the motor vehicle or of the management of the movement of the vehicle itself, either by direct evidence or evidence supporting an inference that the licensee previously had such control, is sufficient. *Department of Transportation, Bureau of Traffic Safety v. Farner, supra.*

Here Officer Polnar, seconds after he had been advised, while on the motel premises, that appellee's vehicle had collided with another vehicle, observed the appellee getting out of the driver's seat of her vehicle, which was stopped at the point in the parking lot where it had collided. Applying the test set forth in *Department of Transportation, Bureau of Traffic Safety v. Dreisbach*, 26 Pa. Commonwealth Ct. 201, 363 A.2d 870 (1976),—that is, whether a reasonable person in the position of the officer, viewing the facts and circumstances as they appeared at trial, could have concluded that the motorist had operated the vehicle while under the influence of alcohol—this court concludes that he had reasonable grounds to believe that the appellee had been driving, operating, or in actual physical control of the movement of her motor vehicle.

Therefore, the police officer was justified in requesting that the appellee submit to a blood test and her refusal to submit to such a test must result in the suspension of her license for a period of one year pursuant to Section 1547.

ORDER

NOW, January 20, 1988, the order of the Court of Common Pleas of Allegheny County, dated January 9, 1986, at No. SA 745 of 1985, is hereby reversed.