556 A.2d 533

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* David W. McLaughlin, Appellee.

Submitted on briefs January 20, 1989, to Judges CRAIG and BARRY, and Senior Judge BLATT, sitting as a panel of three.

*Donald H. Poorman,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Chief Counsel, and *John L. Heaton,* Chief Counsel, for appellant.

*Mark S. Pinnie,* for appellee.

OPINION BY JUDGE CRAIG, March 30, 1989:

The Pennsylvania Department of Transportation has appealed an order by Judge Battle of the Court of Common Pleas of Delaware County, which reversed a vehicle operator's license suspension imposed for refusal to take a chemical test for alcohol.

The facts in the record indicate that David W. McLaughlin was arrested pursuant to provisions of 75 Pa. C. S. §3731(a)(1) by an officer in the Haverford Township Police Department, the charge being driving under the influence. The officer found Mr. McLaughlin passed out in the driver's seat of his car with the motor running. The car was located in the parking lot of a private residential condominium complex at which Mr. McLaughlin lived. The officer noted that McLaughlin had an open bottle of vodka in one hand and that there was a strong odor of alcohol coming from the vehicle. The officer requested that McLaughlin submit to a breathalyzer test. However, he refused to take the test. The officer warned McLaughlin that refusal to submit to the test would result in a twelve-month suspension of his driver's license.

The issue before this court is whether a police officer has reasonable grounds to believe a person to have been driving a motor vehicle while under the influence of alcohol when that officer observes the individual in the

driver's seat with the engine running in a private residential parking lot.

To make this determination the court must consider 75 Pa. C. S. §1547, which provides:

§1547 Chemical test to determine amount of alcohol or controlled substance

(a) **General rule.**—Any person who *drives, operates or is in actual physical control of the movement of a motor vehicle* in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath, blood or urine for the purpose of determining the alcoholic content of blood or the presence of a controlled substance *if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a motor vehicle*:

(1) while under the influence of alcohol ... . (Emphasis added.)

The court must also look to 75 Pa. C. S. §3101(b) for an additional factor:

§3101 Application of part

. . . .

(b) **Serious Traffic Offenses.**—The provisions of Subchapter B of Chapter 37 (relating to serious traffic offenses) [section 3731 to 3734] *shall apply upon highways and trafficways* throughout this Commonwealth. (Emphasis added.)

The problem is whether §1547 and §3101(b) are to be construed together or separately. If construed together, they would require that the police officer could not arrest an individual for the offense of driving under the influence unless the officer had observed the individual actually physically controlling the movement of a motor vehicle while on a trafficway or highway.

The department contends that case law from this court does not require the two operative sections to be construed together, citing *Lewis v. Commonwealth of Pennsylvania,* 114 Pa. Commonwealth Ct. 326, 538 A.2d 655 (1988). The department also contends, alternatively, that the court should consider case law holding that a parking lot is a trafficway under the definition of trafficway set forth in 75 Pa. C. S. §102. The department cites *Department of Transportation, Bureau of Driver Licensing v. Bendik,* 112 Pa. Commonwealth Ct. 591, 535 A.2d 1249 (1988).

In *Lewis,* the arresting officer who arrived at the scene found a vehicle impacted against a tree in a private yard and saw the appellant seated in the passenger seat of the vehicle. The officer asked the appellant if he had been driving the vehicle and the appellant answered in the negative and also refused to take the chemical test. The issue before the court was similar to the issue presented here. The court had to determine whether the officer had reasonable grounds to believe the appellant had been driving under the influence. The court held that the officer did have reasonable grounds to believe the appellant was driving under the influence, and therefore, his refusal to submit to a chemical test had properly resulted in the suspension of his driver's license. The court in its opinion stated:

It [section 1547(a)] does *not* require the officer to have reasonable grounds to believe the motorist was driving, operating, or in actual physical control of a vehicle *on a highway or trafficway* while under the influence of alcohol. If the legislature had intended for police officers to make such a determination, it would have specifically provided for this in the statute.

*Lewis*, 114 Pa. Commonwealth Ct. at 330, 538 A.2d at 657-58 (1988) (emphasis in original).

Moreover, in *Lewis* this court did not entirely dismiss the language of §3101(b) providing that certain serious traffic offenses, including §3731(a)(1), must occur on highways and trafficways. The *Lewis* opinion adds:

> Moreover, even if section 1547(a) is construed to require reasonable grounds to believe a person was driving, operating or in actual physical control of a vehicle on a highway or trafficway, the facts of this case are such that a reasonable person in the position of the arresting officer could reasonably have concluded that Appellant had been driving while intoxicated on a highway or trafficway.

*Lewis*, 114 Pa. Commonwealth Ct. at 330-31, 538 A.2d at 658.

This case is distinguishable from the *Lewis* case in that, in the present case, the incident took place in a private residential condominium parking lot. The trial judge, in his factfinding capacity, understandably rejected the reasonableness of an assumption that Mr. McLaughlin necessarily had been driving on a highway or trafficway. He was found in his own parking lot with the motor running, and there was no other evidence provided that would show that he had been anywhere else. In the *Lewis* case, the appellant was in a private yard that was not his own; the officer could assume that he left the highway or trafficway, and that in so doing he hit a tree in an adjacent yard.

This court cannot gainsay the trial judge's finding that the officer in the present case could not have reasonably believed that McLaughlin had been driving while under the influence of alcohol on a trafficway or highway.

The department contends, alternatively, that the parking lot in this case was a trafficway as defined in 75 Pa. C. S. §102, which defines a trafficway as: "The entire width between property lines or other boundary lines of every way or place of which any part is open to the public for purposes of vehicular travel as a matter of right or custom."

This definition, however, does not include a condominium parking lot which is not open to the public for purposes of vehicular travel. It is a private lot to be used only by the residents of the complex.

The parking lot in this case is not analogous to the parking lot discussed in *Bendik*. In that case, the appellant was arrested in the parking lot of the Marriott Motel after she had collided with another vehicle. The court in *Bendik* held:

> It would appear from the use of a motel parking lot that it is customarily open to the public for the purpose of vehicular travel to the extent that members of the general public are welcome to drive onto the lot if they wish to park their car and patronize the motel or, as in this case, a restaurant therein.

*Bendik*, 112 Pa. Commonwealth Ct. at 595, 535 A.2d at 1250.

In the present case, the general public is not welcome in a private condominium parking area; it is specifically reserved for the residents of the complex. Therefore, the department's argument that the parking lot in this case is a trafficway cannot be sustained.

This court therefore holds that Judge BATTLE found correctly that the police officer did not have reasonable grounds to believe that Mr. McLaughlin was driving under the influence on a trafficway or highway, and that the suspension of his driver's license was improperly sustained.

## ORDER

NOW, March 30, 1989, the order of the Court of Common Pleas of Delaware County, dated March 4, 1988, at No. 87-8784 of 1988, is affirmed.