## Commonwealth v. Cozzone

*Nicholas J. Casenta* and *Robert Siegel, assistant district attorneys,* for the commonwealth.
*Joseph P. Green Jr.,* for defendant.

WOOD, *J.,* April 25, 1990 — On August 18, 1989, following a jury trial, defendant Anthony Cozzone was found guilty of driving under the influence of alcohol to a degree which rendered him incapable of safe driving. The incident occurred in the Fox Knoll Condominium complex parking lot.

Driving under the influence of alcohol is defined in the Vehicle Code as a "serious traffic offense," pursuant to 75 Pa.C.S. §3101(b). This type of offense must be committed on a highway or a trafficway. This area was clearly not a highway. Section 102 of the Vehicle Code defines "trafficway" as follows:

" 'Trafficway.' The entire width between property lines or other boundary lines of every way or place of which any part is open to the public for purposes of vehicular travel as a matter or right or custom."

The jury found that the Fox Knoll parking lot was a "trafficway" and found defendant guilty of operating his vehicle on this "trafficway" while under the influence of alcohol, in violation of 75 Pa.C.S. §3731.

This matter is presently before me on Mr. Cozzone's post-trial motions in which he challenges the sufficiency and weight of the evidence to establish that he was driving on a "trafficway." Mr. Cozzone argues that the parking lot in question was a "private road" pursuant to 75 Pa.C.S. §102, which defines "private road" as:

"A way or place in private ownership used for vehicular travel by the owner and those having express or implied permission from the owner, but not by other persons."

The central issue here is: what distinguishes a "trafficway" from a "private road"?

Defendant relies on *Commonwealth, Dept. of Transportation v. McLaughlin,* 124 Pa. Commw. 496, 556 A.2d 533 (1989) to support his contention that the Fox Knoll parking lot is a private road. The facts of *McLaughlin* are similar to the case at bar in that it involved a defendant driver who was under the influence of alcohol and arrested in his condominium complex parking lot. *McLaughlin* held that the condominium parking lot was not a "trafficway" pursuant to 75 Pa.C.S. §102, because "[i]t is a private lot to be used only by the residents of the complex." 124 Pa. Commw. at 501, 556 A.2d at 5367.

Case law indicates that an area is a "trafficway" if it is either open to the public or in fact used by the

public. In *Commonwealth v. Baughman,* 357 Pa. Super. 535, 516 A.2d 390 (1986) the court held that a dirt track through a field was a "trafficway." The *Baughman* court based its ruling on the fact that there were no signs or barriers which restricted access to the roadway. Likewise, in the case at bar, at the time of this offense there were no restrictions on entering the Fox Knoll parking area. *Dept. of Transportation, Bureau of Driver Licensing v. Bendik,* 112 Pa. Commw. 591, 535 A.2d 1249 (1988) involved a motel parking lot which was deemed a "trafficway." The court stated:

"It would appear from the use of a motel parking lot that it is customarily open to the public for the purpose of vehicular travel to the extent that members of the general public are welcome to drive onto the lot if they wish to park their car. . ." 112 Pa. Commw. at 595, 535 A.2d at 1250.

Similarly, testimony here demonstrated that the Fox Knoll parking lot is open to the public for "vehicular travel" and parking in that it was used by garbage and delivery trucks, visitors, potential condominium buyers, and, on March 12, 1989, this defendant.

In *Commonwealth v. Wilson,* 381 Pa. Super. 253, 553 A.2d 452 (1989) the trial court held that the fact that an Elks Club parking lot was used by the public made it a "trafficway" even though it was marked "private." The court stated:

"Even if restricted by signs, if a parking lot is used by members of the public, it is a *trafficway*. . ." 381 Pa. Super. at 257, 553 A.2d at 454. (emphasis supplied)

At the time of this incident, there was not even a sign erected on these premises designating them as private. I conclude that the jury could properly find this condominium area to be a trafficway.

## ORDER

And now, April 25, 1990, defendant's post-trial motion in arrest of judgment and/or new trial is denied. The court administrator shall schedule this matter for sentencing.