IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Daniel J. Cuttler,                          :
                           Appellant        :
                                            :
              v.                            :      No. 173 C.D. 2022
                                            :      Submitted: October 11, 2022
Commonwealth of Pennsylvania,               :
Department of Transportation,               :
Bureau of Driver Licensing                  :

BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE STACY WALLACE, Judge
           HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE LEAVITT                              FILED: November 22, 2022

              Daniel J. Cuttler (Licensee) appeals an order of the Court of Common
Pleas of the 37th Judicial District, Warren County Branch (trial court), denying his
license suspension appeal and reinstating the Department of Transportation, Bureau
of Driver Licensing's (PennDOT) 12-month suspension of his operating privilege
under Section 1547 of the Vehicle Code, 75 Pa. C.S. §1547, commonly referred to
as the Implied Consent Law. Upon review, we affirm.

## Background

              On October 21, 2021, while on patrol, Conewango Township police
officer Jason Woodin responded to a motor vehicle accident on Route 6. Upon
arrival, he found a vehicle with the front end located in a ditch adjacent to a driveway
leading to a residence. The weather was warm and sunny with no ice or snow on the
roadway. Woodin encountered Licensee in the driveway, with a can of beer in his
hand. Licensee informed Woodin that about one hour prior to the officer's arrival,

as he turned off Route 6 into the driveway, he slid into the ditch. Woodin knocked on the door to the residence; no one responded. No one else was at the scene.

Woodin asked Licensee to perform field sobriety tests. Thereafter, he arrested Licensee for driving under the influence of alcohol (DUI) and transported him to a hospital for a blood test. Licensee refused the blood test despite being advised of the civil penalties that could result from his refusal.

On October 26, 2021, PennDOT notified Licensee that his operating privilege would be suspended for a period of 12 months, effective December 7, 2021. Licensee appealed, asserting that Woodin did not have reasonable grounds to believe that he had been operating the vehicle under the influence of alcohol.

The trial court held a *de novo* hearing, at which Woodin testified to the facts described above. In addition, Woodin testified that during their encounter Licensee continued to drink beer, and Woodin had to take the can from him because he refused to stop. Licensee had a strong odor of alcohol, but his speech was not slurred. Notes of Testimony, 1/27/2021, at 6-7 (N.T. __); Reproduced Record at 34a-35a (R.R. __). Woodin testified that the field sobriety tests showed "clues of impairment," although Licensee indicated that he had a minor "knee problem." N.T. 7; R.R. 35a. Woodin asked Licensee if he had been drinking before the accident, and Licensee responded that he had not. When Woodin advised Licensee that he "was under the influence," Licensee agreed that he "probably would be over the legal limit because he had drank a couple beers." N.T. 7; R.R. 35a.

Woodin testified that based upon his observations at the scene of the accident, he believed that Licensee was "most likely" under the influence of alcohol at the time he was travelling on Route 6 and drove the vehicle into the ditch. N.T. 8; R.R. 36a. Woodin testified that later, at the hospital, he read the DL-26 form to

Licensee, and Licensee interrupted, stating that "you didn't catch me driving." N.T. 9; R.R. 37a.

On cross-examination, Woodin acknowledged that his only evidence that Licensee was operating the motor vehicle under the influence of alcohol was its presence in the ditch. Woodin did not inspect the car to see if the car was warm in order to determine how recently it had been last operated. Woodin testified that no empty beer cans were found at the scene or in the vehicle.

Licensee testified before the trial court. He testified that the weather was "dry" when the accident occurred, but it had rained earlier. N.T. 33; R.R. 61a. He "came in probably a little too fast to go into [his] buddy's driveway and [his] front tire slipped over and [he] just missed the driveway and the car went into the ditch." N.T. 33; R.R. 61a. Licensee testified that he then went into his friend's garage and grabbed a beer. He had consumed "a few beers" by the time Woodin appeared, whom he met in the driveway. N.T. 33, 35; R.R. 61a, 63a. Licensee testified that he was drinking "after the fact," and he told Woodin so. N.T. 34; R.R. 62a.

On cross-examination, Licensee testified that he had consumed three or four beers between the time of the accident and his contact with Woodin. He did not recall telling Woodin that he had consumed two beers. Licensee also denied that he stated to Woodin at the hospital that "he didn't catch me driving." N.T. 36; R.R. 64a. His "exact words" were "I wasn't driving under the influence. I was under the influence afterwards." N.T. 36; R.R. 64a.

**Trial Court Decision**

On January 27, 2022, the trial court denied Licensee's appeal, and Licensee appealed to this Court. In its opinion filed pursuant to Pennsylvania Rule

3

of Appellate Procedure 1925(a), PA. R.A.P. 1925(a),[1] the trial court reasoned that Licensee's testimony was "in large part, not credible" because it "appeared contrived to avoid a suspension." Trial Court 1925(a) Op. at 6. The trial court discredited Licensee's testimony that he was drinking only "after the fact." *Id*. The trial court found, as a matter of fact, that Licensee did not tell Woodin that he had been drinking beer he found in his friend's garage. *Id*.

The trial court credited Woodin's testimony and found as follows:

The Court believes the testimony of the officer that [Licensee] simply acknowledged that he had been drinking and was under the influence at the time of his interaction with Officer Woodin. From Officer Woodin's observation, he saw the driver of the vehicle take two sips from one can of beer and had no reason to believe that the beer was not with [Licensee] in the vehicle. No further alcohol containers were found on [Licensee's] person, in his vehicle, or at the property nor did [Licensee] point out any such containers. Officer Woodin knew [Licensee] did not own the property. He knew the property owner was not home. He had no reason to suspect that [Licensee] had unlimited access to beer in the property owner's garage after the accident and, even after the fact, this Court found [Licensee's] testimony in this regard to lack credibility. The only credible evidence of [Licensee's] imbibing after the accident was the testimony of Officer Woodin that he took two sips of beer, one after being instructed to stop.

---

[1] The trial court's 1925(a) opinion was issued without receiving Licensee's PA. R.A.P. 1925(b) statement. On March 24, 2022, Licensee filed a petition for allowance to file the 1925(b) statement of errors complained of on appeal *nunc pro tunc*. R.R. 20a-23a. The trial court granted Licensee's petition and accepted the 1925(b) statement as timely filed. The trial court also issued a supplemental 1925(a) opinion in response to the 1925(b) statement.

Trial Court 1925(a) Op. at 6-7. The trial court further found that Licensee's statement to Woodin interrupting the DL-26 form warnings was "you didn't catch me driving," not "I only drank after the accident." Trial Court 1925(a) Op. at 8.

Based on the above findings, the trial court found that Woodin had reasonable grounds to believe that Licensee had operated a vehicle under the influence of alcohol. Licensee's after-the-fact "incredible and inconsistent explanations as to his purported post-accident drinking" were not made known to Woodin during their encounter and could not factor into the reasonable grounds analysis. Trial Court 1925(a) Op. at 7.

In its supplemental 1925(a) Opinion, the trial court explained that even without considering Licensee's post-arrest statement, "you didn't catch me driving," the circumstances and observations that occurred prior to the arrest showed that Woodin had reasonable grounds for believing that Licensee had operated a vehicle under the influence of alcohol. Trial Court Suppl. 1925(a) Op. at 1-2. In any event, the trial court asserted that police officers can develop reasonable grounds to believe a motorist had committed a DUI offense "at any point during their encounter." *Id.* at 2 (quoting *Nornhold v. Department of Transportation, Bureau of Driver Licensing*, 881 A.2d 59, 64 (Pa. Cmwlth. 2005)).

Licensee appealed to this Court.[2]

## Appeal

On appeal, Licensee argues that the trial court erred in finding that Woodin had reasonable grounds to believe that Licensee had operated a vehicle

---

[2] This Court's review determines whether the trial court's findings are supported by substantial evidence, whether errors of law have been committed, or whether the trial court's determinations demonstrate a manifest abuse of discretion. *Osselburn v. Department of Transportation, Bureau of Driver Licensing*, 970 A.2d 534, 538 n.4 (Pa. Cmwlth. 2009).

under the influence of alcohol. Woodin found Licensee intoxicated approximately one hour after the accident, but this did not show that Licensee was intoxicated *while* driving.

Licensee argues that *Fierst v. Commonwealth*, 539 A.2d 1389 (Pa. Cmwlth. 1988), and *Stahr v. Department of Transportation, Bureau of Driver Licensing*, 969 A.2d 37 (Pa. Cmwlth. 2009), control the result of this case. In *Fierst*, the police officer found the licensee at his home one hour after the accident, with a bottle of beer in his hand. In *Stahr*, a township officer found the licensee to be inebriated approximately one hour after the accident. In each case the licensee claimed to have consumed alcohol at his home after the accident. In both *Fierst* and *Stahr*, we reversed the trial court's decision to uphold the license suspension. We held that given the gap of time between the accident and the encounter with the police, the arresting officer lacked reasonable grounds to believe the vehicle in the accident had been operated while the licensee was under the influence.

Here, Licensee argues that, as in *Fierst* and *Stahr*, Woodin found Licensee at the scene one hour after the accident. While Licensee admitted to consuming beer and to being impaired, the objective evidence did not "close the gap in time" between the accident and the time Woodin encountered Licensee. Licensee Brief at 14. Licensee argues that the "only reasonable conclusion" to be drawn from the trial court's findings of fact is that Licensee was drinking in the hour after the accident. Licensee Brief at 16.

PennDOT responds that it made a *prima facie* case that Woodin had reasonable grounds to believe that Licensee drove his vehicle under the influence of alcohol. Woodin found Licensee's vehicle in a ditch on a sunny, warm day and Licensee with a can of beer in his hand and smelling of alcohol. There was no one

6

at the house. Viewing these circumstances as they appeared at the time, Woodin had reasonable grounds to believe that Licensee was under the influence of alcohol when he drove the car into the ditch. A police officer is not required to see an intoxicated licensee operating a vehicle in order to have "reasonable grounds." PennDOT Brief at 15 (quoting *Walkden v. Department of Transportation, Bureau of Driver Licensing*, 103 A.3d 432, 436 (Pa. Cmwlth. 2014), and *Yencha v. Department of Transportation, Bureau of Driver Licensing*, 187 A.3d 1038, 1044 (Pa. Cmwlth. 2018)). Acknowledging that Woodin found Licensee intoxicated an hour after the accident, PennDOT explains that "DUI criminal cases teach[] that alcohol is not intoxicating until absorbed into the bloodstream and that absorption takes place thirty to ninety minutes after consumption." PennDOT Brief at 18 (quotations omitted). Further, the trial court discredited Licensee's testimony that he was drinking only "after the fact." Trial Court 1925(a) Op. at 6.

PennDOT argues that *Fierst* and *Stahr* are distinguishable. In *Fierst*, the licensee was observed holding a bottle of beer at his home an hour after the accident; by contrast, here, Licensee was found holding a can of beer an hour after the accident outside another person's home. In *Stahr*, the record did not show a timeline between the accident and the time the police officer encountered the licensee while he was under the influence of alcohol. It could have been over an hour. By contrast, here, approximately one hour had elapsed between the accident and the time Woodin arrived on scene.

## Analysis

To sustain a suspension of a licensee's operating privilege under the Implied Consent Law,[3] PennDOT must establish that the licensee

---

[3] Section 1547(a) of the Vehicle Code states in pertinent part:

(1) was arrested for driving under the influence by a police officer who had reasonable grounds to believe that the licensee was operating or was in actual physical control of the movement of the vehicle while under the influence of alcohol; (2) was asked to submit to a chemical test; (3) refused to do so; and (4) was warned that refusal might result in a license suspension.

*Banner v. Department of Transportation, Bureau of Driver Licensing*, 737 A.2d 1203, 1206 (Pa. 1999). Licensee's sole challenge on appeal is to the first prong.

"Reasonable grounds exist when a person in the position of the police officer, viewing the facts and circumstances as they appeared at the time, could have concluded that the motorist was operating the vehicle while under the influence of intoxicating liquor." *Id.* at 1207. Further, "[t]he standard of reasonable grounds to support a license suspension does not rise to the level of probable cause required for a criminal prosecution." *Id.* This standard is determined by the totality of the circumstances, which may include "the location of the vehicle, whether the engine was running and whether there was other evidence indicating that the motorist had driven the vehicle at some point prior to the arrival of the police." *Id.* "Whether

---

(a) General rule.--Any person who drives, operates or is in actual physical control of the movement of a vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath or blood for the purpose of determining the alcoholic content of blood or the presence of a controlled substance *if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a vehicle in violation of* section 1543(b)(1.1) (relating to driving while operating privilege is suspended or revoked), *3802 (relating to driving under influence of alcohol or controlled substance)* or 3808(a)(2) (relating to illegally operating a motor vehicle not equipped with ignition interlock).

75 Pa. C.S. §1547(a) (emphasis added). Section 1547(b)(1) of the Vehicle Code states that "[i]f any person placed under arrest for a violation of section 3802 is requested to submit to chemical testing and refuses to do so," PennDOT shall suspend the operating privilege for 12 or 18 months under certain conditions. 75 Pa. C.S. §1547(b)(1).

8

reasonable grounds exist is a question of law reviewable by an appellate court on a case-by-case basis." *Id.*

It is not necessary for an officer to witness a licensee operating a vehicle in order for the officer to have reasonable grounds to arrest the licensee for a suspected DUI offense. *Department of Transportation, Bureau of Driver Licensing v. Bendik*, 535 A.2d 1249, 1251 (Pa. Cmwlth. 1988) ("As a result of the 1982 amendment to Section 1547, it was not necessary that the appellee be observed behind the steering wheel of the vehicle while it is in motion."). When an officer does not observe the licensee behind the wheel, there must be a showing of some other objective evidence establishing the timeframe "between the licensee's driving and the licensee's intoxication." *Sestric v. Department of Transportation, Bureau of Driver Licensing*, 29 A.3d 141, 144 (Pa. Cmwlth. 2011). Simply because other inferences are possible does not render an arresting officer's belief unreasonable. *Polinsky v. Department of Transportation*, 569 A.2d 425, 427 (Pa. Cmwlth. 1990). Further, an officer's reasonable grounds are not rendered void if it is later discovered that the officer's belief was erroneous. *McCallum v. Commonwealth*, 592 A.2d 820, 822 (Pa. Cmwlth. 1991).

Here, based on Woodin's credited testimony, the trial court found that Licensee drove his vehicle into a ditch on a sunny, warm day. When Woodin arrived at the scene about an hour later, he found Licensee was standing in another person's driveway, with a can of beer in his hand and emitting a strong odor of alcohol. There was no one home. Although Licensee testified that he had consumed beers found in the property owner's garage after the accident, the trial court did not credit that testimony. In any case, there was no reason for Woodin to infer that Licensee had removed beer he admitted drinking from the home of an absent owner. Viewing the

9

circumstances as they appeared, Woodin had reasonable grounds to believe that Licensee had been under the influence of alcohol when he drove the vehicle into the ditch. *Banner*, 737 A.2d at 1207.

Licensee asserts the trial court abused its discretion because PennDOT presented no "objective evidence" that he had operated the vehicle while he was under the influence of alcohol. Licensee Brief at 7. Licensee asserts that the record established only "that [Licensee] was consuming alcohol after operating the motor vehicle." Licensee Brief at 8. However, the trial court found Licensee's testimony "inconsistent" and "contrived to avoid a suspension." Trial Court 1925(a) Op. at 6. The trial court did not believe that Licensee "had unlimited access to beer in the property owner's garage after the accident" when the owner was not home. Trial Court 1925(a) Op. at 6-7. Even so, there was no reason for Woodin to suppose that was the case.

"As factfinder, the trial court is required to observe witnesses and their demeanor in order to make credibility determinations." *Pollock v. Department of Transportation, Bureau of Driver Licensing*, 634 A.2d 852, 855 (Pa. Cmwlth. 1993). Questions of evidentiary weight and conflicts in the testimony fall to the trial court's resolution. *Hasson v. Department of Transportation, Bureau of Driver Licensing*, 866 A.2d 1181, 1186 (Pa. Cmwlth. 2005). This Court explained in *Mooney v. Department of Transportation, Bureau of Driver Licensing*, 654 A.2d 47 (Pa. Cmwlth. 1994), that

> [a]s long as sufficient evidence exists in the record which is adequate to support the finding found by the trial court, as factfinder, [an appellate court is] precluded from overturning that finding and must affirm, *thereby paying the proper deference due to the factfinder who heard the witnesses testify and was in the sole position to observe the demeanor of the witnesses and assess their credibility.*

10

*Id.* at 50 (emphasis added) (quoting *Department of Transportation, Bureau of Traffic Safety v. O'Connell*, 555 A.2d 873, 875 (Pa. 1989)). Here, both Woodin and Licensee testified in person before the trial court. The trial court credited Woodin's testimony and discredited Licensee's testimony.

*Fierst* and *Stahr* are distinguishable because in both cases, the drinking occurred in the homes of the licensees. By contrast, here, Licensee remained at the scene and was found standing in the driveway of another person's house drinking beer. It was reasonable for Woodin to infer Licensee brought the beer in his car because there was no one in the house. Woodin had no reason to suppose that Licensee got the beer from a house where no one was home.

Finally, Licensee asserts that the trial court erred in considering statements made by Licensee after he was arrested, specifically, "you didn't catch me driving." Licensee Brief at 19. The trial court relied upon *Nornhold*, 881 A.2d at 64, in which this Court stated that a police officer may develop reasonable grounds to believe a motorist had committed a DUI offense "at any point during their encounter." In *Nornhold*, a trooper investigating a traffic violation followed the licensee into her house and, then, observed that her eyes were bloodshot and she smelled of alcohol. Based upon his observations and the licensee's erratic driving, the trooper asked her to perform field sobriety tests, which she failed. The licensee refused to submit to chemical testing, and her operating privilege was suspended. This Court held that the trooper developed reasonable grounds to believe that the licensee was driving under the influence of alcohol in the course of their encounter.

*Nornhold* does not support the trial court's decision. In *Nornhold*, the licensee was arrested for a traffic violation. Thereafter, during their encounter, the officer realized that she was under the influence of alcohol and arrested her for DUI.

11

Here, Licensee's statement, which the trial court believed to show Licensee's guilt, was made after Licensee had already been arrested for DUI. However, the law required Woodin to have reasonable grounds to believe Licensee had been driving under the influence before arresting Licensee for DUI.

In any event, the trial court explained, and we agree, that even without considering the post-arrest statement, "you didn't catch me driving," the record established that a person in Woodin's position could reasonably infer that Licensee had been driving his vehicle under the influence of alcohol when he found the vehicle in a ditch on a clear day. Trial Court Suppl. 1925(a) Op. at 2.

## Conclusion

For the foregoing reasons, we conclude that Officer Woodin had reasonable grounds to suspect that Licensee had driven while under the influence of alcohol. We thus affirm the trial court's January 27, 2022, order.

_____
MARY HANNAH LEAVITT, President Judge Emerita

12

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Daniel J. Cuttler,             :
                Appellant   :
                           :
           v.           :      No. 173 C.D. 2022
                           :
Commonwealth of Pennsylvania,  :
Department of Transportation,    :
Bureau of Driver Licensing      :

## **O R D E R**

AND NOW, this 22nd day of November, 2022, the order of the Court of Common Pleas of the 37th Judicial District, Warren County Branch, in the above-captioned case, dated January 27, 2022, is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge Emerita