IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joshua Chojnicki                                        :
                                                        :
              v.                                        :
                                                        :
Commonwealth of Pennsylvania,                           :
Department of Transportation,                           :
Bureau of Driver Licensing,                             :    No. 472 C.D. 2024
                        Appellant                       :    Submitted: February 4, 2025

BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE MARY HANNAH LEAVITT, Senior Judge


OPINION
BY JUDGE FIZZANO CANNON                                 FILED: February 27, 2025


         The Commonwealth of Pennsylvania, Department of Transportation,
Bureau of Driver Licensing (DOT) appeals from the March 28, 2024 order of the
Court of Common Pleas of Allegheny County (Trial Court) that sustained the appeal
of Joshua Chojnicki (Licensee) from a 12-month driver's license suspension
imposed by the DOT pursuant to what is commonly known as the Vehicle Code's
Implied Consent Law, 75 Pa. C.S. § 1547(b) (Implied Consent Law), as a result of
Licensee's refusal to submit to chemical testing upon his arrest for driving under the
influence of alcohol or a controlled substance (DUI).[1]  Upon review, we reverse.

         Bethel Park Police arrested Licensee for suspicion of DUI in the early
morning hours of August 4, 2023.  *See* Trial Court Opinion dated July 5, 2024 (Trial
Court Opinion) at 1-2.  Thereafter, on August 7, 2023, the DOT notified Licensee
that, as a result of his refusal to submit to chemical testing, his driving privilege

---

[1] 75 Pa. C.S. § 3802.

would be suspended for a period of 12 months.  *See* License Suspension Notification processed August 7, 2023, Reproduced Record (R.R.) at 6a-9a.  Licensee appealed the suspension.  *See* Petition for Appeal from Suspension of Driver's License, 3a-9a.  The Trial Court conducted a hearing on March 28, 2024, and sustained the appeal by order on the same day.  *See* Order of Court dated March 28, 2024, R.R. at 43a.  The DOT timely appealed to this Court.[2]  *See* Notice of Appeal, R.R. at 45a-53a.

The DOT raises one claim on appeal before this Court: that the Trial Court erred by determining that the police did not have reasonable grounds to believe that Licensee was driving, operating, or in actual physical control of the movement of a motor vehicle while under the influence of alcohol, so as to allow the police to request that Licensee submit to chemical testing.  *See* DOT's Brief at 4 & 11-18.  The DOT argues that the totality of the circumstances, including the discovery of Licensee on the ground underneath a guardrail next to a motorcycle also on the ground and under the same guardrail, sufficed to provide police with reasonable grounds to believe that Licensee had been in actual physical control of the motorcycle involved in the accident.  *See id.* at 11-18.  We agree.

Initially, we note:

> To sustain a license suspension under [the Implied Consent Law], [the] DOT has the burden of establishing that (1) the licensee was arrested for drunken driving by a police officer having reasonable grounds to believe that the licensee was driving while under the influence, (2) the licensee was requested to submit to a chemical test, (3) the

---

[2] "Our standard of review in a license suspension case is to determine whether the factual findings of the trial court are supported by [substantial] evidence and whether the trial court committed an error of law or an abuse of discretion."  *Negovan v. Dep't of Transp., Bureau of Driver Licensing*, 172 A.3d 733, 735 n.4 (Pa. Cmwlth. 2017).

2

licensee refused to do so and (4) the licensee was warned that refusal would result in a license suspension. Once [the] DOT meets this burden, the burden shifts to the licensee to establish that he or she either was not capable of making a knowing and conscious refusal or was physically unable to take the test.

*Giannopoulos v. Dep't of Transp., Bureau of Driver Licensing*, 82 A.3d 1092, 1094 (Pa. Cmwlth. 2013) (quoting *Wright v. Dep't of Transp., Bureau of Driver Licensing,* 788 A.2d 443, 445 (Pa. Cmwlth. 2001)). Here, the DOT challenges only the Trial Court's determination that the police did not have reasonable grounds to believe that Licensee was driving, operating, or in actual physical control of the motorcycle that was involved in the accident while under the influence of alcohol.

"Whether reasonable grounds exist is a question of law reviewable by the court on a case by case basis." *Banner v. Dep't of Transp., Bureau of Driver Licensing*, 737 A.2d 1203, 1207 (Pa. 1999).

In determining whether an officer had reasonable grounds to believe that a motorist was in actual physical control of a vehicle, the court must consider the totality of the circumstances, including the location of the vehicle, whether the engine was running and whether there was other evidence indicating that the motorist had driven the vehicle at some point prior to the arrival of the police.

*Bold v. Dep't of Transp., Bureau of Driver Licensing*, 320 A.3d 1185, 1201 (Pa. 2024) (quoting *Banner*, 737 A.2d at 1207); *see Yencha v. Dep't of Transp., Bureau of Driver Licensing*, 187 A.3d 1038, 1044 (Pa. Cmwlth. 2018). As the Court has explained,

[a]n officer has reasonable grounds to believe an individual was operating a motor vehicle under the influence of alcohol if a reasonable person in the position

3

of the police officer, viewing the facts and circumstances as they appeared to the officer at the time, **could conclude** that the driver drove his car while under the influence of alcohol. The test for determining if reasonable grounds exist is not very demanding. An officer may acquire reasonable grounds to believe that a licensee was driving under the influence of alcohol *at any time* during the course of interaction between the officer and the licensee.

*Kachurak v. Dep't of Transp., Bureau of Driver Licensing*, 913 A.2d 982, 985 (Pa. Cmwlth. 2006) (internal citations and quotation marks omitted) (bold emphasis added) (italic emphasis in original); *see also Banner*, 737 A.2d at 1207 ("Reasonable grounds exist when a person in the position of the police officer, viewing the facts and circumstances as they appeared at the time, **could have concluded** that the motorist was operating the vehicle while under the influence of intoxicating liquor.") (emphasis provided); *Yencha*, 187 A.3d at 1044. Further,

[t]he standard of reasonable grounds to support a license suspension does not rise to the level of probable cause required for a criminal prosecution. A driver's guilt or innocence of a criminal offense is not at issue in the license suspension proceedings. It is axiomatic that the legality of a driver's underlying DUI arrest is irrelevant for purposes of a license suspension proceeding for refusal to submit to chemical testing.

*Kachurak*, 913 A.2d at 985-86 (internal citations omitted); *see also Yencha*, 187 A.3d at 1044 ("The test for whether a police officer has reasonable grounds to believe that a licensee drove while intoxicated is not demanding; it requires even less proof than what is necessary to establish probable cause for a criminal prosecution."). Moreover,

4

> [a]n arresting officer need not prove that he was correct in his belief that the licensee was operating the vehicle while under the influence. Even if later evidence proves the officer's belief to be erroneous, this will not render the reasonable grounds void. Further, an officer need not witness the licensee operating a vehicle to place him under arrest for driving under the influence. Additionally, an officer's reasonable belief that the licensee was driving while under the influence will justify a request to submit to chemical testing if one reasonable interpretation of the circumstances as they appeared at the time supports the officer's belief. Further, courts appropriately defer to an investigating officer's experience and observations where reasonable grounds exist to support the officer's belief based on the totality of the circumstances.

*Yencha*, 187 A.3d at 1044-45 (internal quotation marks and citations omitted). In addition,

> [t]he only valid inquiry on this issue at the *de novo* hearing is whether, viewing the facts and circumstances as they appeared at the time, a reasonable person in the position of the police officer **could have concluded** that the motorist was operating the vehicle and under the influence of intoxicating liquor.

*Dep't of Transp., Bureau of Traffic Safety v. Dreisbach*, 363 A.2d 870, 872 (Pa. Cmwlth. 1976) (footnote omitted) (emphasis added); *see also Demarchis v. Dep't of Transp., Bureau of Driver Licensing*, 999 A.2d 639, 642 (Pa. Cmwlth. 2010) ("An officer's belief that a licensee was operating a vehicle while under the influence of alcohol or a controlled substance must only be objective in light of the surrounding circumstances."). Additionally, as this Court has recently explained:

> An officer, however, need not actually witness a licensee operate a vehicle to establish reasonable grounds.

5

> *Walkden v. Dep't of Transp., Bureau of Driver Licensing*,
> 103 A.3d 432, 437 (Pa. Cmwlth. 2014); *see also Gaskin v.
> Dep't of Transp., Bureau of Driver Licensing*, (Pa.
> Cmwlth., No. 1178 C.D. 2018, filed Jan. 3, 2023), slip op.
> at 12 ("[T]he Department is not required to establish that
> either the arresting officer or another person directly
> observed a licensee operating a vehicle or that the licensee
> admitted to doing so for it to meet its burden of proving
> reasonable grounds."). "[P]roving that the licensee had
> control of the movements of . . . the vehicle [], either by
> direct evidence **or evidence supporting an inference** that
> the licensee previously had such control, is sufficient."
> *Dep't of Transp., Bureau of Driver Licensing v. Bendik*,
> 535 A.2d 1249, 1251 (Pa. Cmwlth. 1988) (emphasis
> added).

*Palitti v. Dep't of Transp., Bureau of Driver Licensing* (Pa. Cmwlth., No. 909 C.D. 2023, filed Dec. 5, 2024),[3] slip op. at 14-15.

Here, Officer Ross Small of the Bethel Park Police Department testified on behalf of the DOT. *See* Notes of Testimony, March 28, 2024 (N.T.) at 3-23, Reproduced Record (R.R.) at 13a-23a. Officer Small testified that he was on duty when the Bethel Park Police received a call at 2:21 a.m. of a possible motorcycle accident. *See* N.T. 3/28/2024 at 5, R.R. at 15a. He reported to the scene and observed Licensee under a guardrail and a motorcycle on the ground nearby, also under the guardrail. *See* N.T. 3/28/2024 at 5 & 7-8, R.R. at 15a & 17a-18a. Officer Small observed Licensee's phone on the ground as well, about 50 feet away and still playing music. *See* N.T. 3/28/2024 at 6, R.R. at 16a. It was apparent to Officer

---

[3] Pursuant to Commonwealth Court Internal Operating Procedure Section 414(a), 210 Pa. Code § 69.414(a), unreported panel decisions of this Court issued after January 15, 2008, may be cited for their persuasive value.

Small from the scene that there had been a motorcycle accident. *See* N.T. 3/28/2024 at 5-6, R.R. at 15a-16a.

Officer Small testified that he observed abrasions on Licensee's head and arm. *See* N.T. 3/28/2024 at 6, R.R. at 16a. He explained that Licensee wanted to get up as soon as the police arrived. *See* N.T. 3/28/2024 at 6, R.R. at 16a. Officer Small explained that Licensee was not able to speak much, but did give the police his name. *See* N.T. 3/28/2024 at 6 & 10, R.R. at 16a & 20a. Officer Small testified that he could smell alcohol coming from Licensee's person, and that Licensee's eyes were bloodshot and his speech was slurred. *See* N.T. 3/28/2024 at 6 & 9, R.R. at 16a & 19a. He explained that Licensee was confused and did not know where he was. *See* N.T. 3/28/2024 at 10, R.R. at 20a. Licensee told Officer Small that he was not driving the motorcycle and that he does not drive motorcycles. *See* N.T. 3/28/2024 at 8 & 10, R.R. at 18a & 20a. Officer Small did not perform any field sobriety tests and there were no other witnesses at the scene for him to interview. *See* N.T. 3/28/2024 at 8-9, R.R. at 18a-19a.

Emergency Medical Services arrived on the scene and transported Licensee to the hospital. *See* N.T. 3/28/2024 at 8 & 10, R.R. at 18a & 20a. At the hospital, Officer Small read Licensee the Implied Consent Warnings verbatim from

the DOT DL-26B Form,[4] after which Licensee refused to submit to testing.[5]  *See* N.T. 3/28/2024 at 7-8 & 12-13, R.R. at 17a-18a & 22a-23a.  Officer Small thereafter

---

[4] The DL-26B Form, entitled "Chemical Test Warnings and Report of Refusal to Submit to a Blood Test as Authorized by Section 1547 of the Vehicle Code in Violation of Section 3802," contains the following warnings:

> It is my duty as a police officer to inform you of the following:
>
> 1.  You are under arrest for driving under the influence of alcohol or a controlled substance in violation of Section 3802 of the Vehicle Code.
>
> 2.  I am requesting that you submit to a chemical test of blood.
>
> 3.  If you refuse to submit to the blood test, your operating privilege will be suspended for at least 12 months.  If you previously refused a chemical test or were previously convicted of driving under the influence, your operating privilege will be suspended for up to 18 months.  If your operating privilege is suspended for refusing chemical testing, you will have to pay a restoration fee of up to $2,000 in order to have your operating privilege restored.
>
> 4.  You have no right to speak with an attorney or anyone else before deciding whether to submit to testing.  If you request to speak with an attorney or anyone else after being provided these warnings or you remain silent when asked to submit to a blood test, you will have refused the test.

DL-26B Form, R.R. at 37a.  Officer Small signed the DL-26B Form indicating he had read the above warnings to Licensee and that Licensee had refused to sign the form.  *See* DL-26B Form, R.R. at 37a.

[5] Licensee refused by shaking his head "no" when Officer Small requested he submit to the testing after having read Licensee the DL-26B Form warnings.  *See* N.T. 3/28/2024 at 7 &13, R.R. at 17a & 23a.  This Court has repeatedly determined that anything less than an unequivocal assent to submit to chemical testing is a refusal.  *See Nardone v. Dep't of Transp., Bureau of Driver Licensing*, 130 A.3d 738, 748 (Pa. 2015) ("any response from a licensee that is anything less than an unqualified, unequivocal assent to submit to testing constitutes a refusal, subjecting the licensee to the one-year suspension" (internal quotation marks and citation omitted)).  No party argues in this matter that Licensee's behavior did not constitute a refusal of the requested chemical testing.

obtained a warrant and a draw of Licensee's blood was completed. *See* N.T. at 11-12, R.R. at 21a-22a.

Based on this evidence supplied by Officer Small, the Trial Court concluded as follows in reference to the reasonable grounds upon which Officer Small could conclude that Licensee had been operating a motor vehicle while under the influence of alcohol:

> Here, there was no evidence that [Licensee] was the one driving the motorcycle. There was no evidence that [Licensee] had the required license to drive a motorcycle, or that the motorcycle was registered to him or owned by him. [The] DOT did not establish that Officer Small had reasonable grounds to believe that [Licensee] was operating the vehicle while under the influence of alcohol.

Trial Court Opinion at 4.

We cannot agree with the Trial Court's assessment of the evidence. Officer Small testified that, when he arrived at the scene, it was apparent that a motorcycle accident had occurred. He saw Licensee under a guardrail and a motorcycle not far away, under the same guardrail. Licensee's phone was also lying in the road, still playing music. Officer Small observed abrasions on Licensee's head and arms. Officer Small also testified that Licensee was confused and uncertain of where he was, that his speech was slurred, and that his eyes were bloodshot. Officer Small also testified that he could smell an odor of alcohol coming from Licensee's person. Licensee's bald denials that he was not driving the motorcycle notwithstanding, considered in its totality, this evidence provided, at a minimum, evidence supporting an inference that Licensee previously had control of the motorcycle and actually drove it to the location where both Licensee and the motorcycle were found. Therefore, reasonable grounds existed upon which Officer

9

Small could have concluded that Licensee was driving a motor vehicle while under the influence to support a request that Licensee submit to chemical testing. *Palitti*; *Kachurak*; *Banner*. The Trial Court erred by concluding otherwise based on the evidence before it. We further observe that whether Licensee was licensed to drive a motorcycle or whether the motorcycle in question was either owned by Licensee or registered to him is irrelevant to a determination of whether Officer Small could have concluded that Licensee was operating the motorcycle on the night in question. The Trial Court, therefore, erred further by finding that the DOT needed to prove any of these facts to demonstrate that Officer Small had reasonable grounds to believe Licensee had been operating the motorcycle under the influence.

For the above reasons, we find that the Trial Court erred in sustaining Licensee's appeal. Accordingly, we reverse the Trial Court's order and reinstate the DOT's 12-month suspension of Licensee's operating privilege.

_____
CHRISTINE FIZZANO CANNON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joshua Chojnicki                          :
                                          :
            v.                            :
                                          :
Commonwealth of Pennsylvania,             :
Department of Transportation,             :
Bureau of Driver Licensing,               :   No. 472 C.D. 2024
                    Appellant             :

## **O R D E R**


AND NOW, this 27th day of February, 2025, the March 28, 2024 order of the Court of Common Pleas of Allegheny County is REVERSED, and the 12-month suspension of Joshua Chojnicki's operating privilege is REINSTATED.


_____
CHRISTINE FIZZANO CANNON, Judge